UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., A MINOR, BY AND THROUGH HIS GUARDIAN JEN TURNER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No. 5:23-cv-03101-PCP <br><br> **ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL** <br><br> Re: Dkt. No. 47 |

Plaintiffs, six minors under the age of 13 domiciled in California, Florida, and New York, allege that defendants Google LLC, AdMob Google Inc., and AdMob Inc. unlawfully invaded their privacy by collecting their personal information through various mobile apps without parental consent. Defendants moved to dismiss plaintiffs' complaint for failure to state a claim and the Court denied that motion. Defendants now ask the Court to certify the order denying their motion to dismiss for interlocutory appeal under 28 U.S.C. § 1929(b). For the following reasons, defendants' motion is denied.

## BACKGROUND

Google maintains a marketplace for Android mobile phone apps called the Google Play Store, where AdMob Google and AdMob (both owned by Google) show advertisements to users of such apps. The AdMob software development kit (SDK) purportedly enables Google to collect data from Android app users and to show them targeted advertisements based on this data. AdMob allegedly pays Android app developers to integrate its SDK into their mobile apps in order to make this data collection and targeted advertising possible.

In April 2015, Google developed its Designed for Families (DFF) program for children's apps, which purportedly implemented the federal Children's Online Privacy Protection Act

1  (COPPA) provisions protecting children under the age of 13 from having their personal
2  information collected without parental consent. COPPA states: "It is unlawful for an operator of a
3  website or online service directed to children, or any operator that has actual knowledge that it is
4  collecting personal information from a child, to collect personal information from a child in a
5  manner that violates the regulations prescribed [by the Federal Trade Commission]." 15 U.S.C.
6  § 6502(a). The FTC has interpreted "website or online service" to include mobile apps as well as
7  individual channels like the Google Play Store that serve as the platform for such apps. 16 C.F.R.
8  § 312.2. The relevant FTC rule has interpreted "directed to children" to mean that data cannot be
9  collected through apps that are primarily child-directed or for mixed audiences but not properly
10  age-gated.

11  In 2018, security researchers from the University of California, Berkeley purportedly
12  informed defendants of surreptitious tracking and data collection in violation of COPPA by
13  developers of apps included in Google's DFF program. Specifically, the researchers found that
14  2,667 apps were potentially incorrectly characterized by developers as directed to "mixed
15  audiences" or "not primarily directed to children," allowing those developers to engage in
16  defective age-gating and thus participate in prohibited behavioral advertising to children. Dkt. No.
17  1, at 36. Based on the results of the study, Google banned app developer Tiny Lab Productions
18  from its Play Store in September 2018. The New Mexico Attorney General's Office then brought
19  a lawsuit against Tiny Lab Productions, various advertising networks including AdMob, and
20  Google as the operator of the Play Store. *N.M. ex rel. Balderas v. Tiny Lab Prods.*, 457 F. Supp.
21  3d 1103 (D.N.M. 2020). On December 10, 2021, as part of a settlement agreement and without
22  admitting any liability, Google and AdMob agreed to implement policy changes to prevent the
23  mischaracterization of DFF apps. Dkt. No. 27, at 12.

24  Plaintiffs here allege that defendants obtained personal information from children under
25  the age of 13 through Android apps in violation of COPPA and other common law privacy
26  protections. Google purportedly accepted children's apps (including 86 from the app developer
27  Tiny Lab Productions) into its DFF program after individualized review but nonetheless allowed
28  the apps to be categorized as for a "mixed audience" or "not primarily intended for children"

2

without proper age-gating, thereby enabling developers to skirt COPPA's prohibitions on collecting data from minors under the age of 13. Dkt. No. 1, at 30. Plaintiffs further allege that defendants knew about the collection of personal data from children through DFF program apps. Plaintiffs assert the following causes of action: (1) violation of California's Unfair Competition Law (UCL); (2) violation of common law intrusion upon seclusion; (3) unjust enrichment under California law; (4) violation of California's constitutional right to privacy; (5) violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA); (6) unjust enrichment under Florida law; (7) violation of New York's General Business Law (NYGBL); and (8) unjust enrichment under New York law. Plaintiffs' claims under the UCL, FDUTPA, and NYGBL are all premised on an underlying COPPA violation.

Defendants moved to dismiss plaintiffs' complaint, arguing that the purportedly unlawful conduct pertains only to developer Tiny Lab Productions, which was banned from the Google Play Store in September 2018. Defendants also argued that plaintiffs: (1) fail to provide fair notice under Rule 8 because they do not allege when the supposed misconduct occurred and most of the state law claims have statutes of limitations between two and four years; (2) lack standing to seek prospective injunctive relief because they do not demonstrate a threat of being harmed again; (3) cannot assert any state law claims because they are preempted by COPPA; (4) fail to state a claim under the UCL because they have not established an economic injury, do not allege wrongful conduct under any of the three prongs, and are not entitled to equitable relief; (5) fail to state a claim under New York and Florida's consumer protection laws because Google's Terms of Service contain a California choice-of-law provision and plaintiffs do not plead claims with particularity or provide a sufficient nexus to New York and Florida; (6) fail to state claims for common law and constitutional right to privacy violations under California law because they do not allege egregious conduct violating a reasonable expectation of privacy; and (7) fail to state a claim for unjust enrichment because this cause of action does not exist.

On June 18, 2024, the Court denied defendants' motion to dismiss. The Court held that: (1) plaintiffs' claims are not time-barred because plaintiffs allege that unlawful tracking and advertising was occurring at least until 2021; (2) plaintiffs have standing to seek injunctive relief

because defendants have not provided evidence that the information that was purportedly unlawfully collected has been deleted and the harm from defendants' alleged possession of that information therefore continues; (3) plaintiffs' state law claims are not preempted by COPPA because plaintiffs pleaded that defendants reviewed each app submitted to the DFF program to ensure its benefit or relevance to children under thirteen and thus plausibly had actual knowledge that certain apps were being mischaracterized as for "mixed audiences" when they were in fact child-directed; (4) plaintiffs adequately state a claim under the UCL because privacy harms can constitute economic injury sufficient to confer UCL standing and an alleged COPPA violation falls under the unlawful prong of the UCL; (5) plaintiffs adequately state a claim under New York and Florida's consumer protection laws because Google's Terms of Service were neither incorporated by reference in the complaint nor judicially noticeable, plaintiffs pleaded with particularity that Google engaged in a deceptive act that resulted in injury, and plaintiffs were injured by the alleged misconduct while in New York and Florida; (6) the alleged violation of COPPA is sufficient to plead an egregious violation of a reasonable expectation of privacy; and (7) plaintiffs adequately state a claim for unjust enrichment, which the Ninth Circuit has recognized as a standalone cause of action under California law.

Defendants now move to certify the Court's order denying their motion to dismiss for interlocutory review under 28 U.S.C. § 1292(b). Defendants seek review of two issues: (1) "the standard, under the Children's Online Privacy Protection Act ('COPPA'), for assessing whether and when a third-party service provider, like Google, obtains actual knowledge that it is collecting the personal information of a user under 13 from a primarily child-directed service"; and (2) "whether an alleged misappropriation of personal information effects a loss of 'property' sufficient to confer statutory standing under California's Unfair Competition Law ('UCL')." Dkt. No. 47, at 1.

**LEGAL STANDARDS**

The final judgment rule generally mandates that "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment." *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (cleaned up); *see also In re*

1  *Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (describing the federal courts' "basic
2  policy of postponing appellate review until after the entry of a final judgment"). Under exceptional
3  circumstances, however, an interlocutory appeal may be permitted to allow for the immediate
4  review of a non-dispositive order. Pursuant to 28 U.S.C. § 1292(b), a district court may certify an
5  order for interlocutory appeal if three conditions are met: the order (1) involves a controlling
6  question of law (2) as to which there is substantial ground for difference of opinion and (3) an
7  immediate appeal may materially advance the ultimate termination of the litigation.

8        The first prong includes two requirements: The question must be one of law, not fact, and
9  resolution of the issue on appeal must have the potential to materially affect the outcome of the
10 litigation in the district court. *In re Cement*, 673 F.2d at 1026. As to the first requirement, the
11 question must be a pure legal question, not a mixed question of law and fact. *Williams v. Alameda
12 Cnty.*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023); *Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*,
13 No. 13-cv-04863-JST, 2016 WL 5905935, at *2–3 (N.D. Cal. Oct. 11, 2016). The application of a
14 "legal standard to the facts of the case[] is not by itself appropriate for certification." *Williams*, 657
15 F. Supp. 3d at 1254. Interlocutory appeal is generally appropriate only for questions that "the court
16 of appeals [can] decide quickly and cleanly without having to study the record." *Rieve v. Coventry
17 Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. 2012) (quoting *Ahrenholz v. Bd. of
18 Trustees of Univ. of Illinois,* 219 F.3d 674, 676–77 (7th Cir. 2000)). As to the second requirement,
19 "[a] question may be controlling even though its resolution does not determine who will prevail on
20 the merits. But it is not controlling simply because its immediate resolution may promote judicial
21 economy." *Id.*

22       The second prong, substantial ground for difference of opinion, concerns the extent to
23 which "controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a
24 substantial ground for difference of opinion exists where 'the circuits are in dispute on the
25 question and the court of appeals of the circuit has not spoken on the point, if complicated
26 questions arise under foreign law, or if novel and difficult questions of first impression are
27 presented.'" *Id.* (quoting 3 Fed. Proc., Laws. Ed. § 3:212 (2010)); *see also* 2 Fed. Proc., Laws. Ed.
28 § 3:217. While a novel legal issue "on which fair-minded jurists might reach contradictory

5

conclusions" may be certified for interlocutory appeal, *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal," *Couch*, 611 F.3d at 633 (cleaned up). A split on an issue among district courts is rarely substantial enough on its own to justify interlocutory appeal.

Finally, the "materially advance" prong is satisfied when the resolution of the question "may appreciably shorten the time, effort, or expense of conducting" the district court proceedings. *In re Cement*, 673 F.2d at 1027; *see also Dukes v. Wal-Mart Stores*, No. C 01-02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012) (cleaned up) (holding that the materially advance prong is met "if present appeal promises to advance the time for trial or to shorten the time required for trial"). To materially advance the litigation, an appeal need not have final, dispositive effect. *Williams*, 657 F. Supp. 3d at 1255. "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (cleaned up); *see also Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 958 (N.D. Cal. 2019).

Ultimately, certification is appropriate "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. This exception to the final judgment rule "must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002), and "applied sparingly," *In re Cement*, 673 F.2d at 1027; *see also Stiner*, 383 F. Supp. 3d at 957 ("[T]he district court should … certify for interlocutory appeal only when 'exceptional circumstances' justify a departure from the well-established policy of postponing appellate review until after a final judgment.").

**ANALYSIS**

**I.  The COPPA question does not meet the requirements for certification for interlocutory appeal.**

The first question that defendants seek to certify for interlocutory review concerns "the standard, under the Children's Online Privacy Protection Act ('COPPA'), for assessing whether and when a third-party service provider, like Google, obtains actual knowledge that it is collecting the personal information of a user under 13 from a primarily child-directed service." This question does not meet the requirements for certification under 28 U.S.C. § 1292(b).

**A.  Controlling question of law**

Defendants correctly argue that what types of conduct by third-party service providers can satisfy COPPA's actual knowledge standard presents a controlling question of law, as its resolution could determine whether plaintiffs' state law claims are preempted. But that issue is not actually presented by the Court's order denying defendants' motion to dismiss. The parties agree that under COPPA, an ad network is liable only where it has actual knowledge that data is being collected from apps that are primarily directed to children or are relevant to mixed audiences but not properly age-gated. They also agree that COPPA does not preempt state law claims based on underlying conduct that also violates COPPA.

Instead, the issue about which parties disagree is whether plaintiffs adequately pleaded that Google had actual knowledge of the purported misconduct by developers of apps in the DFF program. This question concerns not the application of the actual knowledge standard under COPPA but the pleading requirements set forth in Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) as interpreted in cases like *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009).

It may be true that the application of *Iqbal*/*Twombly*'s "plausibility" standard to the allegations set forth in a complaint presents a question of law, and that a ruling in defendants' favor on that issue would be "controlling" to the extent it would require the dismissal of plaintiffs' complaint.[1] But this is not the kind of controlling question of law generally appropriate for

---

[1] In its ruling denying defendants' motion to dismiss, the Court did not determine whether COPPA preempts state law claims premised on a showing other than actual knowledge.

interlocutory appeal, given that it involves application of a well-established and undisputed legal standard to an agreed-upon issue. Indeed, given the frequency with which district courts are called upon to apply those standards, permitting interlocutory appeals from every ruling on a Rule 12(b)(6) motion to dismiss based on the courts' possible misapplication of those standards would undermine the final judgment rule entirely. Any ambiguities regarding COPPA's actual knowledge standard will be better addressed in the context of the actual facts of this case as established at summary judgment or trial.

In short, although defendants have identified a controlling question of law, it is not the kind of legal question generally appropriate for interlocutory certification.

### B. Substantial ground for difference of opinion

Defendants argue that there is a substantial ground for difference of opinion because this Court and a district court in New Mexico reached different conclusions about the level of specificity at which allegations of actual knowledge must be pleaded. *Compare* Dkt. No. 43 *with N.M. ex rel. Balderas*, 457 F. Supp. 3d 1103. Defendants mischaracterize the courts' holdings, however, by describing them at a level of abstraction that obscures the different factual allegations pleaded in each case. In *Balderas*, the court held that the alleged automated transmission of data signals from the code embedded in apps to the ad networks' servers and back was insufficient to give rise to a reasonable inference of actual knowledge. 457 F. Supp. 3d at 1113–16. But it also held that the complaint plausibly alleged that Google obtained actual knowledge through its review of the content of apps, including its initial review of apps submitted to the DFF Program to ensure they meet its requirements. *Id.* at 1116–18. In its order denying defendants' motion to dismiss, this Court held that plaintiffs adequately pleaded Google's actual knowledge because they alleged that Google was informed of a study that documented Tiny Lab's misconduct and that Google reviewed each app submission to the DFF program to ensure it "provided a specific benefit to children under thirteen or was relevant to children under thirteen." Dkt. No. 43, at 9. The holdings of this Court and the *Balderas* court are thus not, in fact, in tension.

But even had the courts reached different conclusions, different results in two district courts generally are not sufficient to warrant a departure from ordinary appellate procedure. *See*

*Kellman v. Spokeo, Inc.*, No. 3:21-CV-08976-WHO, 2022 WL 2965399 (N.D. Cal. July 8, 2022) ("[T]he existence of one district court case in some tension with [another] does not constitute 'a substantial ground for difference of opinion' to such an extent to justify short-circuiting the normal appellate process."); *Spears v. Washington Mut. Bank FA*, No. C-08-00868 RMW, 2010 WL 54755 (N.D. Cal. Jan. 8, 2010) ("[T]he mere fact that one district court came to a different conclusion on the same issue is insufficient to establish a substantial ground for difference of opinion."). Defendants also argue that interlocutory appeal is appropriate because this case is the leading edge of a likely wave of COPPA litigation and clarity about the actual knowledge standard would serve to enhance judicial efficiency. Dkt. No. 47, at 18. But possible future disagreements among courts deriving from as-of-yet-uncommenced litigation are too speculative to create the substantial ground for difference of opinion required for interlocutory review.

### C.    Material advancement of the termination of the litigation

A determination that plaintiffs failed to plead actual knowledge could materially advance the termination of this litigation because actual knowledge is required for liability under COPPA and COPPA may preempt state law claims based on underlying conduct that does not also violate COPPA. But interlocutory review of the question that defendants seek to certify is unlikely to lead to such a determination. Defendants contend that "if the Ninth Circuit were to hold that pleading actual knowledge under COPPA requires an app-by-app analysis, and does not permit imputing knowledge based on one developer's apps to an entire program, the scope of the case would narrow significantly." Dkt. No. 54, at 18. That conclusion is unwarranted, however, as plaintiffs do in fact allege that defendants conducted an app-by-app analysis. Dkt. No. 1, at 4. As this Court explained in its prior order, plaintiffs do not merely impute knowledge of other apps' misconduct to Google based on Google's knowledge of Tiny Lab's misconduct, but instead additionally allege that Google conducted an individual review of each app submitted to the DFF program, including whether it met Google's "stringent legal and policy bar." Dkt. No. 1, at 4. Certifying the first question presented thus would not significantly advance this litigation.

## II. The UCL question does not meet the requirements for certification for interlocutory appeal.

The second question that defendants seek to certify for interlocutory review— "whether an alleged misappropriation of personal information effects a loss of 'property' sufficient to confer statutory standing under California's Unfair Competition Law ('UCL')"— also fails to meet the requirements for interlocutory certification.

### A. Controlling question of law

Whether the misappropriation of personal information constitutes a loss of money or property for the purpose of standing under the UCL is a pure question of law that the Ninth Circuit could decide "cleanly without having to study the record." *Rieve*, 870 F. Supp. 2d at 879 (quoting *Ahrenholz,* 219 F.3d at 676–77). The question is also controlling, as its resolution could be dispositive of plaintiffs' UCL claim. Defendants' second question thus satisfies the first requirement for interlocutory certification.

### B. Substantial ground for difference of opinion

As the Court noted in its prior order, there is a split of authority in this District on this issue and no binding Ninth Circuit precedent. *Compare In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), *aff'd* 572 F. App'x 494 (9th Cir. 2014) ("[P]ersonal information does not constitute property for purposes of a UCL claim."), *M.K. v. Google LLC*, No. 21-CV-08465-VKD, 2023 WL 2671381, at *5 (N.D. Cal. Mar. 27, 2023) (same), *and Roe v. Amgen Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024) (same) *with In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1024 (N.D. Cal. 2024) ("Privacy harms involving personal data can constitute an injury to money or property sufficient to provide standing under the UCL."), *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 636 (N.D. Cal. 2021) (concluding that "plaintiffs who suffered a loss of their personal information suffered economic injury and had standing"), *and Brown v. Google LLC*, No. 20-CV-03664-LHK, 2021 WL 6064009, at *15 (N.D. Cal. Dec. 22, 2021) (finding the loss of personal information through Google's data collection = sufficient to qualify as diminution of a future property interest).

As noted already, however, disagreement among district courts about an issue that has not

yet been addressed by the appropriate court of appeals is generally insufficient to create a substantial ground for difference of opinion for the purposes of 28 U.S.C. § 1292(b). *See, e.g.*, *Getz v. Boeing Co.*, No. C 07-06396 CW, 2009 WL 3765506 (N.D. Cal. June 16, 2009) (explaining that "[t]he fact that other district courts have interpreted [a matter differently] does not provide a substantial ground for difference of opinion on controlling questions of law" because those cases "are not binding precedent"); *Clerkin v. Mylife.com, Inc.*, No. C 11-0527 CW, 2011 WL 5573944 (N.D. Cal. Nov. 15, 2011) (cleaned up) (holding that there are no "substantial differences of opinion on controlling questions of law on this issue" merely "because it has not been directly addressed by the Ninth Circuit"). Such circumstances are commonplace, and clarity and uniformity are generally adequately achieved through the standard process of appellate review after final judgment. Indeed, given the number of times the issue of whether personal information constitutes money or property for the purpose of standing under the UCL has arisen in prior cases, it seems likely that it will be presented to the Ninth Circuit in one of those other cases relatively soon.

### C. Material advancement of the termination of the litigation

Whether the loss of personal information effects a loss of property or money sufficient to confer statutory standing under the UCL also fails the third requirement for interlocutory review—material advancement of the litigation—for two reasons.

First, the UCL claim is one of eight that plaintiffs are pursuing. Even if the Ninth Circuit were to hold that the misappropriation of personal information is not an injury to money or property for the purpose of UCL standing, that injury could still be cognizable for the purposes of plaintiffs' other state law claims and plaintiffs could still proceed on those claims following the dismissal of their UCL claim.

Second, a decision on the second question by the Ninth Circuit would not definitively settle the issue because the Ninth Circuit is not the final authority as to that question. Instead, the California Supreme Court has the ultimate authority to resolve such questions of California state law. Any resolution from the Ninth Circuit would be, at best, provisional. If the California Supreme Court later provided a contrary construction of requirements for standing under the UCL,

that construction would be controlling. *Murtishaw v. Woodford*, 255 F.3d 926, 964 (9th Cir. 2001) (cleaned up) ("The California Supreme Court's interpretations of California law are binding on this court."). An interlocutory appeal to the Ninth Circuit thus would not provide the kind of definitive resolution of a controlling legal issue for which interlocutory appeal may be appropriate.

For both of these reasons, defendants have not shown that certification of the second question would appreciably shorten the time, effort, and expense of this litigation.

## CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to certify its order denying defendants' motion to dismiss for interlocutory appeal.

**IT IS SO ORDERED.**

Dated: December 2, 2024

P. Casey Pitts
United States District Judge