DAVID H. KRAMER, SBN 168452
KELLY M. KNOLL, SBN 305579
THOMAS R. WAKEFIELD, SBN 330121
QIFAN HUANG, SBN 339672
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       kknoll@wsgr.com
       twakefield@wsgr.com
       qhuang@wsgr.com

*Attorneys for Defendants*
*Google LLC, AdMob Google Inc., and*
*AdMob, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| A.B., a minor, by and through his guardian JEN TURNER, C.D.1, C.D.2, and C.D.3 minors, by and through their guardian KIRENDA JOHNSON, E.F.1, and E.F.2, by and through their guardian BARABRA HAYDEN-SEAMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC, ADMOB GOOGLE INC., and ADMOB, INC.,<br><br>Defendants. | Case No.: 5:23-cv-03101-PCP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF CASE SCHEDULE**<br><br>Judge:  Hon. P. Casey Pitts |

# INTRODUCTION

Google has made clear it will work with Plaintiffs to mitigate the time pressures of upcoming deadlines in the case schedule. That is not what Plaintiffs' Motion is really about. Instead, Plaintiffs seek to retroactively modify the Scheduling Order to relieve themselves of their failure to comply with a deadline that passed two-and-a-half months ago—the deadline to designate expert testimony in support of class certification. To do that, Plaintiffs must show "good cause," Fed. R. Civ. P. 16(b)(4), a standard that turns on whether they were diligent, *Johnson v. Mammoth., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs do not—and cannot—make the required showing of diligence in failing to meet a deadline they stipulated to, but apparently never calendared. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* To the extent Plaintiffs seek to reset deadlines that passed long ago, their Motion must be denied.

# RELVANT BACKGROUND

On September 9, 2024, the parties submitted a Joint Case Management Conference Statement with a stipulated schedule. ECF No. 55. The Court largely adopted the parties' schedule, including the February 7, 2025 deadline ("February 7 Deadline") for Plaintiffs' "Designation of Subject Areas of Expert Testimony in Support of Motion for Class Certification." ECF No. 59 ("Scheduling Order"). The February 7 Deadline came and went without any designation from Plaintiffs. Declaration of Thomas R. Wakefield ("Wakefield Decl.) ¶ 6. Because Plaintiffs chose to forgo expert testimony for class certification, Google did the same.

On April 22, 2025—months after their February 7 Deadline—Plaintiffs for the first time suggested they would rely on expert testimony at class certification. Wakefield Decl. Ex. A at 2. Plaintiffs now attribute their extended failure to meet the Court-Ordered deadline to "an entirely inadvertent, clerical calendar error." Mot. 2; Sloss Decl. ¶ 13. But Plaintiffs do not explain what actually happened or why it took them so long to even mention the issue. Under the Scheduling Order, Plaintiffs' motion for class certification is due August 25, 2025. ECF No. 59.

# ARGUMENT

## A. Plaintiffs cannot show good cause for missing the February 7 Deadline.

In seeking to excuse their failure to comply with the February 7 Deadline, Plaintiffs ignore the relevant standard. They claim they are guilty of "excusable neglect" under Rule 6(b). According to Plaintiffs, Rule 6(b) governs their request to modify *past* deadlines, while Rule 16(b)(4) only governs modification of *future* deadlines. That is mistaken. Plaintiffs must show "good cause" under Rule 16(b)(4) to modify *any* deadlines (past or future) in the Scheduling Order. *See, e.g.*, *Richter v. T-Mobile United States*, 2021 WL 4864732, at *2 (C.D. Cal. May 24, 2021) (Rule 16 provides "a specific rule for the modification of scheduling orders," whereas Rule 6 is "inapplicable" as "the more general rule relating to relief from deadlines"). Plaintiffs' own citation confirms that, at most, Rule 6 imposes the *additional* requirement of excusable neglect over and above a threshold showing of good cause. *Mireles v. Paragon Sys., Inc.*, 2014 WL 575713, at *2 (S.D. Cal. Feb. 11, 2014). Plaintiffs cannot show good cause for their failure to comply with the February 7 Deadline.

Rule 16(b)'s good-cause standard "primarily considers the diligence of the party seeking the amendment." *Columbia Ins. Co. v. Simpson Strong-Tie Co. Inc.*, 703 F. Supp. 3d 1007, 1010 (N.D. Cal. 2023) (Pitts, J.) (quoting *Johnson*, 975 F.2d at 609). The movant must show that it failed to comply with the scheduling order "because of the development of matters which could not have been reasonably foreseen or anticipated." *Jacobson v. Persolve, LLC*, 2015 WL 2061712, at *3 (N.D. Cal. May 1, 2015). The "degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, [but] the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609. If the movant "was not diligent, the inquiry should end." *Id.* The Ninth Circuit recognizes the "considerable" difference between past and future deadlines: "Whereas a request for an extension acknowledges the importance of a deadline, a retroactive request suggests that the party paid no attention at all to the deadline." *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990).

Here, Plaintiffs paid no attention to the deadline, and now offer three excuses for their failure to comply: (1) a "clerical calendar error"; (2) Google's supposed discovery delay; and (3)

the parties' failed mediation. Mot. 1-4. None comes close to showing good cause.

***1. Plaintiffs' "clerical calendar error" is not good cause***. Plaintiffs claim they missed the February 7 Deadline "[d]ue to an entirely inadvertent, clerical calendar error," Sloss Decl. ¶ 13, but they offer no facts regarding what actually happened—who calendared the deadline, what date it was erroneously calendared for, whether any precautions were in place to prevent the error, or when the error was discovered. It is not even apparent whether the disclosure deadline was ever calendared. As the Ninth Circuit has explained, Plaintiffs cannot establish good cause by admitting their own carelessness. *Johnson*, 975 F.2d at 609. District courts regularly hold that "scheduling errors do not constitute good cause." *Cheng v. Chien*, 2021 WL 8918124, at *1 (C.D. Cal. Oct. 28, 2021); *Suffrard v. Oakmont of Mariner Point, LLC*, 2018 WL 11471573, at *3 (N.D. Cal. Dec. 20, 2018) ("A mistake is not good cause"); *accord Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, 2020 WL 978505, at *2 (W.D. Wash. Feb. 28, 2020) ("the calendaring error Plaintiff relies on, regardless of origin, does not constitute good cause under Rule 16"). Plaintiffs cite a raft of inapposite cases, but none blesses the simple failure to obey a deadline that the party had stipulated to months earlier.[1] In fact, one of Plaintiffs' cases contradicts their position, refusing to consider a tardy brief and stressing that "Rule 16 is taken seriously." *Bonavito v. Nevada Prop. 1 LLC*, 2014 WL 5364077, at *3 (D. Nev. Oct. 21, 2014). Plaintiffs were anything but diligent.

***2. Supposed discovery delays do not provide good cause***. Plaintiffs complain that Google made its first document production last month. That, too, says nothing about Plaintiffs' diligence, nor does it excuse their failure to comply with the Court-ordered deadline.

Plaintiffs did not need documents from Google to meet their February 7 Deadline for at least three reasons: (1) they stipulated to the February 7 Deadline, which is the earliest discovery deadline in the Scheduling Order; (2) they do not even argue any of the documents Google has since produced, or will soon produce, would affect the subjects they seek to belatedly designate

---

[1] *See, e.g.*, *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (did not involve Rule 16; reversing lower court's denial of motion to extend future deadline under Rule 6 where party had only 8 days to oppose summary-judgment motion with 1,000 pages of supporting papers); *In re Gilman*, 887 F.3d 956, 963 (9th Cir. 2018) (did not involve Rule 16); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (same).

for expert testimony; and (3) there is no relation whatsoever between Google's discovery and Plaintiffs' stated reason for missing the February 7 Deadline: a "calendar error." Mot. 2. *See, e.g.*, *Elite Semiconductor, Inc. v. Anchor Semiconductor, Inc.*, 2023 WL 8188844, at *3 (N.D. Cal. Nov. 27, 2023) (despite "Plaintiff strenuously point[ing] a finger at Defendants' discovery tactics," "Plaintiff has not presented an explanation for why it could not have complied with the Court's Rule 16 deadline"). Plaintiffs' diversion regarding discovery gets them nowhere.[2]

***3. The mediation does not provide good cause***. Plaintiffs also suggest that the parties' February 21 mediation provides good cause for having missed the February 7 Deadline. Again, that is entirely unavailing.

Case after case has rejected the notion that mediation excuses a party's failure to meet its Scheduling Order obligations: "as a legal matter, settlement discussions do not, in [and] of themselves, arise to good cause for modifying a scheduling order." *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) (collecting cases). This excuse also makes no sense as a matter of chronology. Plaintiffs' February 7 Deadline passed weeks before the mediation on February 21, 2025. That the parties had scheduled a mediation did not relieve Plaintiffs of their obligation to diligently prosecute the case and to abide by Court-ordered deadlines in the interim. *See Best Label Co., LLC v. Custom Label & Decal, LLC*, 2021 WL 981255, at *4 (N.D. Cal. Mar. 16, 2021) (finding no good cause where plaintiff's counsel tried to excuse deadline by claiming, *inter alia*, that they were "scheduling and attending a mediation").

In sum, Plaintiffs have not offered any plausible explanation—much less met their burden of showing good cause—for missing the February 7 Deadline. Plaintiffs have not been diligent, so Ninth Circuit law instructs that "the inquiry should end" here. *Johnson*, 975 F.2d at 609.

**B.     Plaintiffs' class certification motion will be heard on the merits even if no extension is granted.**

Plaintiffs argue that retroactively changing deadlines will ensure that their motion for class certification "is decided on its merits." Mot. 2. But, of course, their motion *will* be decided on the

---

[2] Google would be remiss if it did not point out that Plaintiffs have not yet produced a single document in this case.

merits, based on the record the parties adduce. Plaintiffs can still offer evidence and make arguments as they see fit, albeit without expert testimony, just as Google is prepared to do. Allowing Plaintiffs to belatedly inject expert testimony would drastically increase the cost and burden associated with Google's opposition to class certification.

### C.  Google does not oppose a modest extension of future deadlines.

Both sides served initial discovery requests on December 16, 2024—over three months after discovery opened. Wakefield Decl. ¶ 11. Since then, Google has made substantial progress. On February 10, 2025, it provided substantive interrogatory responses, and on April 25, 2025, it initiated rolling productions that already total nearly 1,400 pages. *Id.* ¶12. In stark contrast, Plaintiffs have made virtually no progress. Their interrogatory responses failed to provide even the most basic information about their claims (e.g., approximately when or where they used the apps at issue), and they have not yet produced *a single page* of discovery. *Id.*

Google believes it will be able to meet its discovery obligations by the June 16, 2025 deadline for "Substantial Completion of Class Certification Discovery." *See* ECF No. 59 at 1. It has concerns about Plaintiffs' lack of progress and made good-faith efforts to negotiate with Plaintiffs regarding future deadlines. During a meet and confer, Google proposed a 30-day extension to the substantial-completion deadline—explaining that this extension would extend discovery for class certification, while allowing the rest of the Scheduling Order to remain intact, especially the class-certification briefing schedule. Wakefield Decl. ¶ 8. When Plaintiffs failed to respond to that proposal, Google proposed a 45-day extension. *Id.* ¶ 9. Google also welcomed Plaintiffs to propose extensions, apart from their opening position of a 90-day extension of all deadlines (whether already passed or in the future). *Id.* Plaintiffs rebuffed Google's offers and never made a counterproposal. *Id.* Google stands by its prior proposals to modestly extend future deadlines and remains open to counterproposals. In Google's view, the only dispute requiring Court intervention are the deadlines that Plaintiffs failed to heed without good cause.

### CONCLUSION

Plaintiffs have failed to show good cause for their months-long failure to satisfy the Scheduling Order. Accordingly, the Court should deny Plaintiffs' Motion.

| | | |
|---|---|---|
| Dated: May 12, 2025 | | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By: | /s/ *Thomas R. Wakefield*<br>Thomas R. Wakefield<br>twakefield@wsgr.com |
| | | *Attorneys for Defendants*<br>*Google LLC, AdMob Google Inc. and*<br>*AdMob Inc.* |