**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.B., a minor, by and through his guardian JEN TURNER, C.D.1, C.D.2, and C.D.3 minors, by and through their guardian KIRENDA JOHNSON, E.F.1, and E.F.2, by and through their guardian BARBARA HAYDEN-SEAMAN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GOOGLE LLC, ADMOB GOOGLE INC., and ADMOB, INC.,<br><br>　　　　Defendants. | Case No.: 5:23-cv-03101<br><br><br>**DECLARATION OF CARLA A. PEAK OF KROLL SETTLEMENT ADMINISTRATION LLC IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT** |

I, Carla A. Peak, declare as follows:

**INTRODUCTION**

1.　　I am the Managing Director of Kroll Notice Media Solutions ("Kroll Media"),[1] a business unit of Kroll Settlement Administration LLC ("Kroll"), the proposed Settlement Administrator to be appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working with me and/or under my general supervision, including information reasonably relied upon in the fields of advertising media and communications. This declaration is being filed in connection with preliminary approval of the Settlement.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

2.    I am a nationally recognized expert in the field of legal notice and I have served as an expert in countless federal and state cases involving class action notice plans.

3.    Kroll has extensive experience in all types of class action matters, having managed more than 4,000 settlements, designed over 1,000 multi-media campaigns, processed more than 100 million claims, and distributed over $30 billion in payments over the past 50 years.

4.    The purpose of this declaration is to provide information related to the qualifications and experience of Kroll and myself, as well as to detail the proposed notice plan (the "Notice Plan") designed to provide notice to class members about this settlement. Kroll will work with Settlement Class Counsel and Defendants' Counsel (together, "Counsel") to implement the Notice Plan, as well as make any decisions about notice and administration.

## BACKGROUND AND EXPERIENCE

5.    Kroll has administered class action notice plans for numerous consumer protection cases, including data breach and data privacy cases. Examples include: *Bianucci v. Rite Aid Corp.*, No. 2:24-cv-03356 (E.D. Pa.); *Cahill v. Memorial Heart Institute, LLC*, No. 1:23-cv-00168 (E.D. Tenn.); *Douglas v. PurFoods LLC*, No. 4:23-cv-00332 (S.D. Iowa); *Hameed-Bolden v. Forever 21 Retail, Inc.*, No. 2:18-cv-3019 (C.D. Cal.); *Harris v. Lee University*, No. 1:25-cv-00107 (E.D. Tenn.); *Hightower v. Receivables Performance Management LLC*, No. 2:22-cv-01683 (W.D. Wash.); *In re 23andMe Holding Co.*, No. 25-40976-357 (Chapter 11) (E.D. Mo.); *In re Apria Data Breach Litig.*, No. 1:23-cv-01003 (S.D. Ind.); *In re Arthur J. Gallagher Data Breach Litig.*, No. 1:22-cv-00137 (N.D. Ill.); *In re AT&T Inc. Customer Data Security Breach Litig.*, No. 3:24-cv-00757 (N.D. Tex.); *In re CorrectCare Data Breach Litig.*, No. 5:22-cv-00319 (E.D. Ky.); *In re Evolve Bank & Trust Customer Data Security Breach Litig.*, No. 2:24-md-03127 (W.D. Tenn.); *In re Fred Hutchinson Cancer Center Data Breach Litig.*, No. 2:23-cv-01893 (Wash. Super. Ct., King Cty.); *In re Great Expressions Data Security Incident Litig.*, No. 2:23-cv-11185 (E.D. Mich.); *In re HCA Healthcare, Inc. Data Security Litig.*, No. 3:23-cv-00684 (M.D. Tenn*.); In re Lansing Community College Data Breach Litig.*, No. 1:23-cv-00738 (W.D. Mich.); *In re MCG Health Data Security Issue Litig.*, No. 2:22-cv-00849 (W.D. Wash.); *In re Regents of the University of Minnesota Data Litig.*, No. 27-CV-23-14056 (D. Minn.); *In re Tenet Healthcare Corporation Data Breach Litig.*, No. DC-22-07513

(Tex. Dist. Ct., Dallas Cty.); *In re T-Mobile Customer Data Security Breach Litig.*, No. 21-md-03019 (W.D. Mo.); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-md-02752 (N.D. Cal.); *Miller v. NextGen Healthcare Inc.*, No. 1:23-cv-02043 (N.D. Ga.) *Newhart v. General Physician, P.C.*, No. 815961/2024 (N.Y. Super Ct., Erie Cty.); *Orr v. Intercontinental Hotels Group, PLC*, No. 1:17-cv-1622 (N.D. Ga.); *Rodriguez v. University Property & Casualty Insurance, Co.*, No. 16-cv-60442 (S.D. Fla.); *Summers v. Sea Mar Community Health Centers*, No. 22-2-00773-7 (Wash. Super. Ct., King Cty.); *Weigand v. Group 1001 Insurance Holdings, LLC*, No. 1:23-cv-01452 (S.D. Ind.), and *Wright v. Crossroads Trading Co., Inc.*, No. 25CV479119 (Cal. Super. Ct., Santa Clara Cty.). Attached as **Exhibit A** is an overview of Kroll's settlement administration services.

6.   In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for more than 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the Manual for Complex Litigation, Fourth and by the Federal Judicial Center ("FJC"). My CV, attached as **Exhibit B**, contains numerous judicial comments, citing cases I have worked on, as well as articles I have written and speaking engagements where I have discussed the adequacy and design of legal notice efforts.

7.   The reach of the Notice Plan is consistent with other effective court-approved notice programs. Additionally, the Notice Plan is intended to comply with the FJC's 2010 Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (the "FJC Checklist"), which considers 70-95% reach among class members to be reasonable.

## PROPOSED NOTICE PLAN SUMMARY

8.   The proposed Settlement Class, as defined in the Settlement Agreement and Release (the "Settlement Agreement') is defined as:

> all Persons residing in the United States who, at any time during the Settlement Class Period, were younger than 13 years old when they downloaded or otherwise used an application from Google Play and from whom Defendants allegedly collected, used, or disclosed any personal information.

9.    To reach potential Settlement Class Members, the proposed Notice Plan includes the following components:

- Class Action Fairness Act ("CAFA") Notice to applicable government officials;
- Online display banner advertising;
- Paid search advertising;
- Social media advertising through Facebook, Instagram, and TikTok;
- A press release;
- A neutral, informational Settlement Website; and
- A toll-free telephone information line.

### *CAFA Notice*

10.    On behalf of the Defendants, Kroll will provide notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b) (the "CAFA Notice"). At Defendants' Counsel's direction, Kroll will send the CAFA Notice, which identifies how to access required documents relating to the Settlement, via first-class certified mail to (a) the Attorney General of the United States; and (b) the applicable state Attorneys General. The CAFA Notice will direct the recipients to the website www.CAFANotice.com, a site that will contain all the documents relating to the Settlement referenced in the CAFA Notice.

### *Key Insights Concerning Target Audience Formulation and Approach for Media Notice*

11.    Kroll Media's methodology for developing the media notice is widely accepted by the advertising industry and embraced by courts as appropriately designed to provide notice to a targeted population, here the potential Settlement Class Members.

12.    As part of this methodology, Kroll Media is guided by well-established principles of communication and uses best-in-class nationally syndicated media research data provided by MRI-

Simmons Research ("MRI"),[2] and online measurement Comscore,[3] to provide media consumption habits of, and audience delivery verification to, the potentially affected population.

13.    To appropriately establish a target population for a media noticing campaign, we first look to the settlement class definition. Kroll Media's team then matches the settlement class definition to nationally syndicated media research data to establish the target audience of settlement class members. It is important to note that the "target audience" definition is distinct from the class definition, as is commonplace in class action notice plans.

14.    This media research technology allows Kroll Media to accurately report to the Court the percentage of the target audience estimated to be reached by the notice component and how many times the target audience will have the opportunity to see the message. In advertising, this is commonly referred to as a "Reach and Frequency" analysis, where "Reach" refers to the estimated percentage of the unduplicated audience exposed to the campaign, and "Frequency" refers to how many times, on average, the target audience had the opportunity to see the message. The calculations are used by advertising and communications firms worldwide and have become a critical element to help provide the basis for determining adequacy of notice in class actions and class action settlements.

15.    In developing target audiences for the purposes of media selection and media plan delivery estimates, Kroll Media analyzed data among MRI audiences of parents of children (including specifically of parents of children 1-17 years old), as well as among adults 18-24 years old. Additional data was analyzed among parents of children who use Android phones or mobile devices with Android OS, as well as adults 18-24 who use Android phones or mobile devices with Android OS.

16.    This target audience is a proxy definition for the Settlement Class as likely class members are currently under the age of 13, or were under the age of 13 during the period of the

---

[2] MRI's *Survey of the American Consumer*® is the industry standard for magazine audience ratings in the U.S. and is used by the majority of media and marketing agencies in the country. MRI provides comprehensive reports on demographic, lifestyle, product usage and media exposure.

[3] Comscore is a global Internet information provider on which leading companies and advertising agencies rely for consumer behavior insight and Internet usage data.

alleged violation. Utilizing an overinclusive proxy audience is commonplace in both class action litigation and advertising generally.[4]

17.    According to MRI,[5] 69% of parents of children 1-17 who are Android users and parents of children 1-17 generally report that they have visited Facebook. Additionally, 63% of adults 18-24 and 57% of adults 18-24 who are Android users have visited Instagram in the last 30 days. Similarly adults 18-24 are more than twice as likely than the average adult to spend time on TikTok.

### *Digital Media Notice*

**Online Display Advertising**

18.    Kroll Media will apply a programmatic approach to display advertising placements.[6] Digital banner ads will be purchased "programmatically," using a computer algorithm to show a specific ad to a specific visitor in a specific context where class members are visiting. These ads are device agnostic, such that they will appear across desktop, laptop, tablet, or mobile devices.

19.    Online display banner ads will be demographically targeted to adults 18-24 years old and adults 35-49 years old, as well as behaviorally target parents of children. Ads will also be targeted to those audiences on devices using Android OS. A portion of impressions will be targeted to appear contextually alongside content related to family & youth, news/information, social media, and/or technology & computing.

20.    The content of the digital banner ads will include relevant information for users to self-identify whether they are part of the class. When an ad is clicked, an embedded link will direct the

---

[4] "If the total population base (or number of class members) is potentially unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established." Duke Law School*, GUIDELINES AND BEST PRACTICES IMPLEMENTING 2018 AMENDMENTS TO RULE 23 CLASS ACTION SETTLEMENT PROVISIONS*, at 56. This publication is available online at: https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1003&context=bolch.

[5] MRI Spring Doublebase, 2024.

[6] In practice, when a user visits a website, an IP connection between the user's device and the publisher's webserver is established. The website then flags available ad tags so that the ad server can analyze data about the user, such as demographic attributes or location. This information is shared with advertising exchanges (*i.e.*, digital advertising marketplaces for ad space) where ad buyers can bid on the ad unit relevant to the campaign. If the ad unit is user-relevant, *i.e.,* it targets a likely class member based on matching user attributes, a bid is offered. Upon winning the bid for the ad unit, the ad is downloaded onto a webpage for a user to see and this counts as an impression.

user to the settlement website where they can learn more about the settlement and potentially file a claim form online.

**Paid Search Ads**

21.    Keyword search advertising will be used to display advertisements to users Bing and Yahoo! search engine results pages when relevant keywords or key phrases are searched. Keyword search advertising is a form of online advertising where ads are shown or displayed to users based on the specific words or phrases (keywords) those users type into a search engine. For example, when a user conducts a search for Settlement-related content, such as "*Android app privacy settlement*," "*Android COPPA settlement*," and "*Android minor privacy lawsuit*," among other similar terms, a sponsored ad link may appear, which will provide brief information about the Settlement and direct users to the Settlement Website.

**Social Media Ads**

22.    Social media ads on Facebook and Instagram will appear natively to users in-platform via placements such as Feeds, Stories, Reels, and more.[7] These ads will employ multiple layers of targeting to reach likely Settlement Class Members, including targeting to parents with children 1-17 as well as adults 18-24 years old, as well as specifically to users using Android OS. Additional impressions will be served to an audience of users whose online behaviors match those of users visiting the case website, as well as retarget users who visited the case website.

23.    TikTok ads will broadly target users 18-24 years old and will appear natively to users in-platform via placements such as users' For You or Search Feeds.

24.    Social media advertising will include relevant information for the user to self-identify. If the user clicks on the social media ad, an embedded link takes them to the Settlement Website, where they can learn more about the Settlement.

25.    The digital media campaign is estimated to deliver approximately 121.5 million impressions over a 30-day duration.

---

[7] Feeds are where Facebook and Instagram users look for information about friends, family, news and brand information. Along with Feeds, Stories and Reels comprise Facebook and Instagram's main content formats.

26.     The digital media campaign will be routinely monitored by Kroll's digital specialists to analyze key campaign performance indicators and make real-time modifications, as needed.

27.     Attached as **Exhibit C** are samples of the proposed forms of digital notice.

*Press Release*

28.     Kroll will cause a press release to be distributed over Cision PR Newswire's US1 National + Multicultural Markets Newsline to a variety of press outlets, including AP News, as well as to journalists who focus on providing information about consumer, tech, and legal matters.

29.     The press release will help garner "earned media" (*i.e.*, other media may report about the story). Earned media can provide a valuable role in distributing news and information about the Settlement through trusted sources.

30.     Attached as **Exhibit D** is a draft of the proposed press release.

*Settlement Website*

31.     Kroll will work with Counsel to create a dedicated Settlement Website. The Settlement Website URL will be determined and approved by Counsel. The Settlement Website will contain a summary of the Settlement, will allow Settlement Class Members to contact the Settlement Administrator with any questions, provide notice of important dates such as the Claims Deadline, Opt-Out and Objection Deadline, and Final Approval Hearing date, and provide Settlement Class Members an opportunity to file a Claim Form online. Settlement Class Members who file Claim Forms online will be provided the opportunity to select an electronic payment method, such as Venmo, Zelle, PayPal, or ACH, or payment by check or prepaid card. The Settlement Website will also contain downloadable copies of relevant case documents including the Settlement Agreement, the Notice of Proposed Class Action Settlement, the Complaint, the Preliminary Approval Order, the Claim Form, and any other documents agreed upon by Counsel or required by the Court. Attached as **Exhibits E and F** are drafts of the proposed Notice and Claim Form.

*Toll-Free Telephone Number*

32.     Kroll will also establish a toll-free telephone number for the Settlement. The toll-free telephone number will allow Settlement Class Members to call and obtain information about the Settlement through an Interactive Voice Response ("IVR") system.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Post Office Box*

33.     Kroll will designate a post office box to receive requests for exclusion, Claim Forms, and correspondence from Settlement Class Members.

*Electronic Mailbox*

34.     Kroll will establish a case-specific email address to receive and respond to Settlement Class Member inquiries.

## DATA USE LIMITATION

35.     Kroll will solely use Settlement Class Member data for claims administration, award calculations, and issuing Settlement Payments to Claimants.

## TECHNICAL CONTROLS, DATA SECURITY

36.     Kroll is an industry leader in data security. Kroll is CCPA, HIPAA, and GDPR compliant and maintains numerous industry certifications related to data security, including SOC2 and ISO 2700 certification. Kroll has technical, physical, and procedural protocols and safeguards in place to ensure the security and privacy of the Settlement Class Member data. These include standards related to data retention and document destruction; fully redundant environmental systems and redundant storage; regular audits; and documented plans for both incident and crisis response, including breach protocols and physical controls. Kroll's information security program includes vulnerability management, compliance, security monitoring and security engineering supported by a team of information security professionals, including a Chief Information Security Officer and Chief Privacy Officer.

## BUSINESS/LIABILITY INSURANCE

37.     Kroll maintains standard business insurance, including professional liability insurance, cyber insurance, and crime insurance.

## ADMINISTRATIVE AND ETHICAL POLICIES

38.     Kroll has employee administrative and ethical policies that all employees are required to follow. These include, but are not limited to:

- Pre-hire background checks;

- 9 -

- Controls for accessing systems, data and applications, along with processes for assigning access;
- Annual Code of Ethics training and certification;
- Annual Information Security training and certification; and
- HIPAA training for all staff.

## CRISIS AND RISK MANAGEMENT

39.     Kroll has defined and tested incident response and disaster recovery plans that it employs across the organization. Should an incident occur, Kroll will take immediate action, which will include notification to clients and claimants of the incident consistent with privacy laws and regulations or as otherwise provided in any contractual agreements with its clients. Kroll also has detailed vendor on-boarding and management policies.

## PHYSICAL ACCESS CONTROLS

40.     Security keycard access is required to enter Kroll's facilities. Additionally, keycard access is required for employees to use the facility elevators and to enter Kroll's office spaces.

## DATA COLLECTION, RETENTION AND DESTRUCTION

41.     Kroll only requires the collection of data necessary to effectively administer the Settlement. If personally identifiable information ("PII") (e.g., Social Security Numbers, account information, dates of birth, etc.) are not necessary for administration, Kroll will not request such PII. Kroll does not and will not share Settlement Class Member data with third parties unless authorized or directed to do so by the Parties or the Court. Internally, access to data is limited to only those employees working on the particular matter. In addition, Kroll has standard practices for data retention and destruction. However, to the extent there are data retention and destruction requirements specific to the Settlement that differ from Kroll's standard policies, Kroll will follow the Settlement guidelines.

## CONCLUSION

42.     The proposed Notice Plan is expected to reach approximately 70% of likely Settlement Class Members on average 3.6 times each by way of the digital media notice alone. Coverage and frequency of exposure may be further enhanced by the press release.

43.     In my opinion, the Notice Plan proposed is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "reasonably certain to inform" due process communications standard of *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950). The Notice Plan is designed and expected to meet or exceed the guidelines set forth in Rule 23, the Manual for Complex Litigation, Fourth, and the FJC Checklist.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on January 13, 2026, in Ocean City, New Jersey.

CARLA A. PEAK

DECLARATION OF CARLA A. PEAK OF KROLL SETTLEMENT ADMINISTRATION LLC IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT

# Exhibit A





# Settlement Administration Services

**Kroll provides innovative technology and consulting services for class action, mass tort, regulatory remediation and government claims administration.**

We are raising the bar in class action, mass tort, regulatory and government claims administration. With our proprietary technology, security, and global resources, coupled with our team's 50+ years of legal administration expertise, we offer unmatched solutions and capacity for even the most complex settlements anywhere in the world.

## Time-tested leader in our field



**Managed more than 4,000 settlements**



**Processed over 100 million claims**



**$30 billion+ in distributions**



**Designed and managed 1,000+ court-approved multi-media campaigns**

## Why partner with Kroll for your settlement administration needs?

- **Unrivaled Data Security and Technology.** Our cutting-edge proprietary technology platforms are built to handle any case, no matter the size or complexity. Through our innovative technology and our unrivaled data security measures, we create custom solutions, including a real-time case statistics dashboard, while providing clients with unlimited scalability in our secure, certified environment. Nothing is more important than protecting the confidentiality and integrity of customer data while meeting or exceeding regulatory requirements. Our clients can have the utmost confidence when working with Kroll on their most complex and sensitive matters.

- **Industry Leading Claims Administration Team.** With decades of experience across all types of settlements, our team is well-versed in every aspect of the administration process and has worked on some of the most historic and complex cases of all time. We work closely with all parties involved, often assisting clients before

**KROLL**

settlement agreements are finalized, to ensure a value-maximizing, reliable and effective administration.

- **Most Experienced Notice Media Team Globally.** Through our in-house media team, we offer superior outreach programs that are rooted in analytics, validated by third parties and highly defensible in court. Our notice media team, led by one of the industry's most distinguished legal notice and communications experts,has successfully planned and implemented thousands of court-approved notice programs, including government enforcement actions and product recalls.

- **Best-in-Class Claims Administration Processes.** With our best-in-class claims processing procedures and focus on quality, we guarantee more accurate claims handling, speed, and responsiveness. We also provide a fully digital solution from start to finish for any engagement. Our electronic administration service offering encompasses noticing, claim filing, receipt of supporting documentation, corresponding with class members, clearing deficiencies and/or rejections and digital disbursements.

- **Global Footprint with Resources and Expertise to Scale.** With 5,000 experts around the world, we provide our clients with unlimited capacity to handle any settlement administration.

## Representative class action experience

With over 50 years of experience in class action settlement administration, our team has successfully handled some of the largest and most complex settlements in history. Our cutting-edge administration solutions address matters in the evolving global regulatory framework.

For a more detailed look at our class action settlement experience, please visit kroll.com/settlement-administration.

## Contact

**Website:** kroll.com/settlement-administration

**Phone:** +1 844 777 8055

**Yahoo! Inc. Customer Data Security Breach Litigation,** Case No. 5:16md02752, United States District Court Northern District of California

- $117.5 million settlement
- Over 1.3 million claims filed
- Over 924 million notices sent
- Over 194 million class members globally

**In Re: Currency Conversion Fee Antitrust Litigation,** MDL No. 1409, United States District Court for the Southern District of New York

- $336 million settlement
- 10.2 million claims filed
- Over 38 million notices mailed

**Cook et al. v. Rockwell International Corp. and The Dow Chemical Co.,** Case No. 90cv00181, United States District Court for the District of Colorado

- $375 million settlement
- Over 250,000 payments made
- Over 58,000 notices mailed

**Columbia Gas Cases,** Civil Action No. 1877cv01343G, Superior Court of Massachusetts

- $143 million settlement
- Approx. 16,000 claims filed
- Approx. 92,000 notices mailed

**In Re: Schering-Plough Corporation Securities Litigation,** Case No. 01cv0829, United States District Court for the Southern District of New Jersey

- $165 million settlement
- Over 71,000 claims filed

**Brian Warner et al. v. Toyota Motor Sales, USA,** Case No. 2:15cv02171, United States District Court for the Central District of California

- $3.4 billion settlement
- Over 2 million notices mailed
- 1.5 million vehicles affected

**About Kroll**

As the leading independent provider of risk and financial advisory solutions, Kroll leverages our unique insights, data and technology to help clients stay ahead of complex demands. Kroll's global team continues the firm's nearly 100-year history of trusted expertise spanning risk, governance, transactions and valuation. Our advanced solutions and intelligence provide clients the foresight they need to create an enduring competitive advantage. At Kroll, our values define who we are and how we partner with clients and communities. Learn more at Kroll.com.

© 2024 Kroll, LLC. All rights reserved. KR21035108_Y0222

# Exhibit B

# CARLA PEAK

## EDUCATION

**West Chester University**
Master of Business Administration (MBA)

**Temple University**
B.A. Sociology

## WORK EXPERIENCE

**Kroll, LLC • *Managing Director, Kroll Settlement Administration***
August 2025 – Present

**Verita Global, LLC (f/k/a KCC LLC) • *Vice President, Legal Notification Services & Business Development***
April 2011 – July 2025

**Analytics, Inc. • *Director/Legal Notice***
March 2009 – March 2011

**Hilsoft Notifications •** Notice Manager
January 2003 – February 2009

## DEPOSITIONS

- *Head v. Citibank, N.A.*, No. 3:18-CV-08189 (D. Ariz.), August 6, 2020 and September 3, 2021
- *Palmer v. KC/ USA, Inc.*, No. 4:19-CV-3084 (D. Neb.), October 14, 2020
- *Wesley v. Snap Finance*, No. 2:20-cv-00148 (D. Utah), February 11, 2021
- *In re Mallinckrodt PLC*, No. 20-12522 (D. Dela.)(Chapter 11), June 24, 2021
- *Powell v. H & R Accounts, Inc.*, No. 7:22-cv-01052 (D. S, C.), February 3, 2023
- *Bayles v. The Hertz Corp.*, No. 1:22-cv-01092 (S.D. Ind.), August 11, 2023
- *Johnson v. United Healthcare Services, Inc.*, No. 5:23-cv-522 (M.D. Fla.), October 9, 2024
- *Starling v. Blueline Team, Inc.*, No. 1:23-cv-08377 (S.D.N.Y.), January 9, 2025
- *Saggio v. Mericredit, Inc.*, No. 4:22-cv-01005 (E.D. Mo.), July 9, 2025

## TESTIMONY

- *In re Mallinckrodt PLC*, No. 20-12522 (D. Dela.)(Chapter 11), June 25, 2021

## PRESENTATIONS AND PUBLICATIONS

• "Class Action Notice and Settlement Administration" Class Action Law (LAWS3398-0I), Boston College Law School (March 2025) • "Class Action Notice and Settlement Administration", University of Michigan Law School, Consumer Class Actions & Complex Litig., Carla Peak (October 2024) • "Privacy and Data Misuse Class Actions - Artificial Intelligence, Data Transfers and Minors" Global Class Actions & Mass Torts Conference, PERFECT LAW, Carla Peak (May 2024) • "Class Action Notice and Settlement Administration"

Class Action Law (LAWS3398-0l), Boston College Law School (April 2024) • "Class Action Notice and Settlement Administration" Class Actions Law and Practice (LAW 6015)(2023FA), Cornell Law (October 2023) • "Enhancing Class Management and Communication" Group Litig. and Class Actions 2023 - The 3rd Annual Forum, TL4 Group Litig. and Class Actions, Carla Peak (October 2023) • "Legal Technology Services for Class Actions and Public Relations." Global Class Actions & Mass Torts Conference, PERFECT LAW, Carla Peak (April 2023) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" University of Michigan law School, Consumer Class Actions & Complex Litig., Carla Peak (October 2022) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" The Ohio State University Moritz College of Law, Complex Litig. (8213), Carla Peak (February 2022) • "Settlement, Notice and Claims, Objectors, Cy Pres, and Attorney's Fees" University of Michigan Law School Consumer Class Actions & Complex Litig. (736-01), Carla Peak (November 2020) • "Class Action in a Modern Digital Age" COMMITTEE TO SUPPORT THE ANTITRUST LAWS (COSAL), Carla Peak (June 2020) • "Rule 23: Recent Rule Revisions" Class Action Litig. in 2020: What You Need to Know, NEW JERSEY BAR ASSOCIATION, Carla Peak (February 2020) • "Marching to Their Own Drumbeat." What Lawyers Don't Understand About Notice and Claims Administration, AMERICAN BAR ASSOCIATION 23rd Annual National Institute on Class Actions, Carla Peak (October 2019) • "Class Action Notice and Settlement Administration" Columbia Law School Complex Litig. Challenges and Strategies in Multijurisdictional and Aggregate Litig. (L9225), Carla Peak (March 2018) • "A Winning Hand or a Flop?" After 50 Years, Are Class Actions Still Legit?, AMERICAN BAR ASSOCIATION 20th Annual National Institute on Class Actions, Carla Peak (October 2016) • Class Action Notice Requirements: Leveraging Traditional and Emerging Media to Reach Class Members, STRAFFORD, Carla Peak (April 2016) • The Ethics of Class Action Settlements, CHICAGO BAR ASSOCIATION, Class Litig. Committee, Carla Peak (June 2014) • Innovations in Notification, CHICAGO BAR ASSOCIATION, Class Litig. Committee Spring Seminar, Carla Peak, presenter (May 2012) • Ethics in Legal Notification accredited CLE Program (December 2012-November 2014) • Pitfalls of Class Action Notice and Settlement Administration accredited CLE Program (March 2014) •The Fundamentals of Settlement Administration accredited CLE Program (October 2012-August 2013) • Class Action Settlement Administration Tips & Pitfalls on the Path to Approval accredited CLE Program (October 2012) • Carla Peak and Steven Weisbrot, How to Design Your Notice to Minimize Professional Objectors, Class Action Lawsuit Defense: Class Action Defense News, Developments and Commentary provided by Baker Hostetler (www.classactionlawsuitdefense.com) (July 20, 2012) • Legal Notice Ethics accredited CLE Program (May 2010-January 2011) • Carla Peak, Is your legal notice designed to be noticed? WESTLAW JOURNAL CLASS ACTION Vol.18 Issue 10 (2011) • John 8. Isbister, Todd B. Hilsee & Carla A. Peak, Seven Steps to a Successful Class Action Settlement, AMERICAN BAR ASSOCIATION, SECTION OF LITIG., CLASS ACTIONS TODAY 16 (2008)

## CERTIFICATIONS

• Leading Your Team Through Change, LinkedIn learning (2021) • Interpersonal Communication, Project Management Institute via LinkedIn Learning (2021) • Leading and Working in Teams, LinkedIn Learning (2021) • Decision-Making Strategies, LinkedIn learning (2021) • Bill George on Self-Awareness, Authenticity, and Leadership, LinkedIn Learning (2021) • Developing Your Emotional Intelligence, LinkedIn learning (2021) • Display & Video 360 Brand Controls, Google (2020) • Advanced Google Analytics, Google Analytics Academy (2020) • Google Analytics Individual Qualification, Google Analytics Academy (2020) • Google Analytics for Beginners, Google Analytics Academy (2020) • Power Your Media Plan with Display & Video 360, Google (2020) • Essentials for Facebook Marketing Partners for Agencies, Facebook Blueprints (2020) • Google Ads Fundamentals, Google (2019) • Digital Sales Certification, Google (2019) • IAB's Digital Fundamentals, IAB (2017) • Social Media Marketing, Hootsuite (2016)

## SAMPLE JUDICIAL RECOGNITION

Honorable Roslyn O. Silver, *Head v. Citigroup Inc*., (January 15, 2025) No. 3:18-cv-08189 (D. Ariz.):

*The Court finds that such Notice Plan, including the approved forms of notice: (a) constituted the best notice practicable under the circumstances; (b) included direct individual notice to all potential Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and prescribed manner for requesting exclusion from the Settlement Class, objecting to the Settlement, and submitting a Claim Form; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.*

Honorable Edward Davila, *Barrett v. Apple, Inc*., (December 19, 2024) No. 5:20-cv-04812 (N.D. Cal.):

*Given the lengths that KCC took to notify the Settlement Class and the resulting expansive reach of the Class Notice, the Court finds that the Court-approved Notice Plan has been fully and properly implemented by the parties and Class Administrator and the Settlement Class has been provided adequate notice of the pendency of this action and the opportunity to opt out or present their objections.*

Honorable Eli J. Richardson, *Beaver v. Nissan of North America, Inc*., (December 5, 2024) No. 3:22-cv-00785 (M.D. Tenn.):

*The Court finds that Notice to the Class is warranted and has considered the Notice provisions in the Settlement Agreement, the Notice methodology set forth in the Declaration of Carla Peak (the "Notice Program"), and the Long Form Notice and Summary Notice, attached as Exhibits C and D to the Settlement Agreement, respectively. The Court finds that the direct mailing of Summary Notice in the manner set forth in the Notice Program combined with publication of the Long Form Notice, the Settlement Agreement and its other exhibits, and this Order on the Settlement Website is the best notice practicable under the circumstances; constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto; and is in full compliance with the requirements of FED. R. CIV. P. 23(c), applicable law, and due process.*

Honorable Edward Davila, *In re Telescopes Antitrust Litig*., (November 4, 2024) No. 5:20•cv-03639 (N.D. Cal.):

*The Court approves the Notice Plan and attendant documents and forms, which are attached to the Verita Declaration as Exhibits A-E, and finds that their dissemination substantially in the manner and form set forth in the Motion meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Se1Vice Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.*

Honorable Claudia Wilken*, In re College Athlete NIL Litig*., (October 7, 2024) No. 4:20-cv-03919 (N.D. Cal.):

*The Court further finds the proposed contents of these notices (as modified by the Court), and the proposed plan of notice described in the Peak Declaration and Plaintiffs' Supplemental Brief in Support of Preliminary Approval of Settlement submitted on September 26, 2024, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.*

Honorable Claudia Wilken, *Hubbard v. National Collegiate Athletic Association*, (October 7, 2024) No. 4:23-cv-01593 (N.D. Cal.):

> The Court further finds the proposed contents of these notices (as modified by the Court), and the proposed pion of notice described in the Peak Declaration and Plaintiffs' Supplemental Brief in Support of Preliminary Approval of Settlement, submitted on September 26, 2024, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

Honorable Andrew Cheng, *The People of the State of California v. Vitol, Inc*., (September 4, 2024) No. CGC-20-584456 (Sup. Ct. Cal.):

> The proposed manner of class notice satisfies the requirements of due process and complies with applicable law, including California Code of Civil Procedure Section 382 and California Rules of Court rule 3.769.

Honorable Claudia Wilken, *Head v. Citigroup Inc.*, (March 5, 2024) No. 3:18-cv-08189 (D. Ariz.):

> The proposed form and method for notifying class members of this class action meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to off persons and entitles entitled to the notice. The Court finds the proposed notice plan is clearly designed to advise the class members of their rights.

Honorable Claudia Wilken, *In re College Athlete NIL Litig*., (March 1, 2024) No. 4:20-cv-03919 (N.D. Cal.):

> The Notice Plan is expected to reach more than 70% of the class via the publication notice campaign alone, and it will reach more potential class members via direct notice and organizational outreach. The Court finds that this notice plan provides the best practicable notice under the circumstances.

Honorable Richard W. Stroy, *Faulkner v. Acella Pharmaceuticals, LLC*, (February 7, 2024) No. 2:22-cv-00092 (N.D, Ga.):

> The Court approves the proposed Notice Plan for giving notice to the Settlement Class as set forth in the Declaration of Carla A. Peak. The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process and constitutes the best notice practicable under the circumstances.

Honorable Brian McCabe, *Meeks v. The Sherwin-Williams Co.*, (July 26, 2023) No. 23CV-02082 (Merced Cty., Cal):

> The Court finds that the notice to the Settlement Class Members regarding the pendency of the action and of the Settlement Agreement and the methods of giving notice to Settlement Class Members constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all Settlement Class Members. The form and method of giving notice complies fully with the requirements of California Code od Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

Honorable Damon R. Leichty, *Fralish v. Ceteris Portfolio Services, LLC*, (May 19, 2023) No. 3:22-cv·00176 (N.D. Ind.):

> The Court approves the form and substance of the postcard notice, claim form, and Question & Answer Notice, which are attached as exhibits to the Settlement Agreement. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(8) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice plan is clearly designed to advise the Settlement Class Members of their rights.

Honorable Robert J. Shelby, *Wood Mountain Fish LLC v. Mowi ASA (f/k/a Marine Harvest ASA)*, (February 27, 2023) No. 1:19-cv- 22128 (S.D. Fla.):

> *As shown by the record, the Court finds that notice has been provided to the Settlement Class in the manner approved and directed by the Preliminary Approval Order. The Court concludes that this notice provided the best notice practicable under the circumstances and that it adequately notified class members of the action, the Court's preliminary certification decision, the terms of the settlement, and rights of class members to opt-out of or object to the settlement.*

Honorable Robert J. Shelby, *Wesley v, Snap Finance LLC,* (February 7, 2023) No. 2:20-cv-00148 (D. Utah):

> *The form and method for notifying the settlement class members of the settlement and its terms and conditions conformed with the Preliminary Approval Order and satisfied the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The court finds that the notice was clearly designed to advise settlement class members of their rights.*

Honorable George H. Wu, *Khan v. BooHoo.com USA, Inc*., (December 20, 2022) No. 2:20-cv-03332 (C.D. Cal.):

> *The distribution of notice to the Classes constituted the best notice practicable under the circumstances and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.*

Honorable Beth Labson Freeman, *Mitchell v. Intero Real Estate Services*, (April 7, 2022) No. 5:18-cv-05623 (N.D. Cal.):

> *The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto and meets the requirements of Due Process. The Court further finds that the Class Notice program fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.*

Honorable Roslyn O. Silver, *Head v. Citibank, N.A.*, (January 28, 2022) No. 3:18-cv-08189 (D. Ariz.):

> *The Court considers Peak's experience more than adequate for her to serve as a notice expert, especially given the complex and technical nature of notice for large plaintiff classes under Rule 23(b)(3).*

> *Peak's testimony is based on sufficient facts. The notice system she proposes is consistent with notice [the administrator] has implemented in the past. Moreover, it appears that Peak's four-page-long proposed notification process has been tailored to the circumstances of this case and is sufficiently resilient to withstand possible informational deficiencies in Citibank's records.*

> *Peak's testimony is the product of reliable principles and methods, and it appears that Peak applies those principles reliably in the context of this case. Peak's declaration demonstrates that the notification method Head intends to employ in this matter have been used in dozens of cases, including many cases under the TCPA.*

> *Thus, the Court holds Head has adequately demonstrated the reliability and relevance of Peal<s expert opinion regarding notice to possible Rule 23(b)(3) class members.*

Judge Patrick J. McGrath, *Burdick v. Tonoga Inc*., (October 15, 2021) No. 2016-253835 (Sup. Ct. N.Y.):

> *The Court finds that the Notice Program, including the Notice Form and the particulars of the Notice Program described in the Affidavit of Carla A. Peak in Support of the Settlement Notice Program, satisfy CPLR 908.*

Honorable Robert J. Shelby, *Wesley v. Snap Finance LLC*, (September 21, 2021) No. 2:20-cv-00148 (D. Utah):

> *Wesley has demonstrated Peak's testimony is admissible under Rule 702 and Daubert. First, Wesley has demonstrated Peak is qualified to serve as an expert for class action notice plans. Experts are qualified "by knowledge, skill, experience, training, or education" to render an opinion.*

Judge Lawrence E. Kahn, *Baker v. Saint-Gobain Performance Plastics Corp., Inc.*, (July 27, 2021) No. 1:16-cv-00917 (N.D.N.Y.):

> *The Court finds that the Notice Program, including the Class Notice, the Notice Form attached to the Settlement, and the particulars of the Notice Program described in the Declaration of Carla A. Peak in Support of Settlement Notice Program, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the circumstances."*

Honorable Robert W. Gettleman, *Friend v. FGF Brands (USA), Inc.*, (February 16, 2021) No. 1:18-cv-07644 (N.D. Ill.):

> *The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best notice practicable under the circumstances to Settlement Class members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature of the terms of the proposed Settlement, their right to object to or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

Honorable Otis D. Wright II, *In re Trader Joe's Tuna Litig.*, (October 7, 2020) No. 2:16-cv-01371 (C.D. Cal.):

> *Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.*

Judge Cathy Seibel, *Cicciarella v. Califia Farms, LLC*, (July 17, 2020) No. 7:19-cv-08785 (S.D.N.Y):

> *The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purpose only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

Judge Nancy J. Rosenstengel, *Suchanek v. Sturm Foods, Inc.*, (April 21, 2020) No. 3:11-cv-00565 (S.D. Ill.):

> *Pursuant to Federal Rule of Civil Procedure 23(c)(2), the Settlement Notice constitutes the best notice practicable under the circumstances, and due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided to all persons entitled to receive such notice.*

Judge Cathy Seibel, Cicciarella v. Califia Farms, LLC, (March 20, 2020) No. 7:19-cv-08785 (S.D.N.Y.):

> *The proposed Class Notice, Summary Settlement Notice, and notice methodology described in the Settlement Agreement and in the Declaration of Carla A. Peak and Supplement Declaration of Carla A. Peak (the "Peak Declarations") are hereby approved.*

Judge Madeline Cox Arleo, *In re Thalomid and Revlimid Antitrust Litig.*, (August 22, 2019) No. 2:14-cv 06997 (D. N.J.):

> *The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Motion and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the action, the terms of the proposed Settlement, and their right under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Fed. R. Civ. P. 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.*

Judge John A. Houston, *In re Morning Song Bird Food Litig.*, (June 3, 2019) No. 3:12-cv-01592 (S.D. Cal.):

> *The Court finds and determines that dissemination and publication of the Notices as set forth in the Notice Plan in the Agreement constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the Settlement and the matters set forth in the Notices to all persons entitled to receive notice, and fully satisfied the requirements of due process and of Federal Rule of Civil Procedure 23.*

Judge Edmond E. Chang, *Smith v. Complyright, Inc.*, (May 24, 2019) No.1:18-cv-04990 (E.D.N.Y.):

> *The Court has considered the Notice provisions in the Settlement, the Class Notice methodology set forth in the Declaration of Carla A. Peak attached as Exhibit A to the Settlement (the "Notice Program"), and the Email Notice, Postcard Notice, and Detailed Notice, attached as Exhibits C-E of the Settlement, respectively. The Court finds that the direct emailing and mailing of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23(c), applicable law, and due process.*

Honorable Beth Labson Freeman, *In re Nexus 6P Products Liability Litig.*, (May 2, 2019) No. 5:17-cv-02185 (N.D. Cal.):

> *The proposed notice plan, which includes direct notice via email, publication notice, and supplemental postcard notice via U.S. Mail, will provide the best notice practicable under the circumstances. This plan, and the Notice, are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed Settlement (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to Settlement Class Members; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.*

Honorable Ann I. Jones, *Lavinsky v. City of Los Angeles*, (April 12, 2019) No. BC542245 (Sup. Ct. Cal.):

> *The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits C, E, F, G, and H will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable Jaw.*

Honorable Ann I. Jones, *Houze v. Brasscraft Manufacturing Co.*, (April 8, 2019) No. BC493276 (Sup. Ct. Cal.):

> *The Court confirms that the distribution of the Notice, the publication of the publication notice, the notice methodology as set forth in the Declaration of Carla Peak on Settlement Notice Plan filed on March 21, 2018, as well as supplemental declarations by Carla Peak filed on June 4, 2018 and August 10, 2018, previously approved by the Court on August 27., 2018, were all implemented in accordance with the Court's Preliminary Approval Order and Amended Preliminary Approval Order. The Court further finds and confirms that the Notice and the Notice Plan: constituted the best practicable notice; constituted notice that was reasonably calculated under the circumstances to apprise potential Settlement Class Members, and fully and accurately inform them, of the pendency of the EZ-Flo Action, the effect of the Settlement Agreement (including the Released Claims), the nature and material terms of the proposed Settlement (including the benefits to Settlement Class Members, and Class Counsel's requests for attorney fees, expenses and incentive awards), their right to object to the proposed Settlement (benefits to Settlement Class Members, and Class Counsel's requests for attorney foes, expenses and incentive awards), their right to exclude themselves from the Settlement Class, and their right to appear at the Fairness Hearing,· were reasonable and constituted due, adequate, and sufficient notice to oil persons or entities entitled to receive notice; and met all applicable requirements of California law (including Cal. R. Ct. 3.766 and 3.769(f)), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law.*

Judge Robert N. Chatigny, *Lecenat v. Douglas Perlitz*, (February 11, 2019) No. 3:13-cv-01132 (D. Conn.):

> *The Court finds that service of the Class Notice, Radio Publication Notice and Poster Notice in this manner, including newspaper publication as provided in 111.E.3 of the Settlement Agreement, constitutes the best notice practicable under the circumstances to Settlement Class Members, and complies fully with the provisions set forth in Federal Rules of Civil Procedure, Rule 23, and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law. The Court further finds that the Class Notice, Radio Publication Notice and Poster Notice clearly and concisely inform the Settlement Class Members of their rights and options with respect to the proposed settlement, in plain, easily understood language, in conformance with the requirements of Rule 23.*

Judge John Bailey, *In re: Monitronics International, Inc., Telephone Consumer Protection Act Litig.*, (June 12, 2018) No. 1:13- md-02493 (N.D. W.Va.) (overruling objections and ruling in favor of the notice plan):

> *The Court finds that the notices disseminated pursuant to the Notice Plan fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. Ms. Smith objected that the notice was inadequate because it did not inform Settlement Class members of the amount of statutory damages available under the TCPA. Dkt. No. 57 at 14. This objection is overruled. Courts require that notice of a settlement "fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." Wal-Mart Stores., Inc. v. Visa U.S.A. Inc., 396 F.3d 96,.113-14 (2d Cir. 2005). The Notice Plan here complies with the court approved plan and fully apprised the Settlement Class of all material terms and their rights. In addition, the notices provided three telephone numbers for Settlement Class members to call if they had questions about the settlement. The Notice Plan thus complies with Rule 23 and due process and Ms. Smith's objection is overruled.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprises Insurance Co.*, (Direct Purchaser-Jui Li Enterprise Settlement), (February 16, 2018) No. 2:09-CV-00852 (E.D. Wis.):

*The Court further finds that the Notice Plan, previously approved by the Court (See ECF No. 1110) and as executed by the Court-appointed Settlement Administrator, KCC, as set forth in the Declaration of Carla A. Peak on Implementation and Overall Adequacy of Settlement Notice Plan ("Peak Declaration") is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class Members; and complied fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice (Peak Declaration Exhibits 1 and 2) are written in plain language, use simple terminology, and are designed to be readily understandable and noticeable by Settlement Class Members.*

Judge Yvonne Gonzales Rogers, *Abante Rooter and Plumbing Inc. v. Alarm.com Inc*., (February 8, 2018) No. 4:15-cv-06314 (N.D. Cal.) (overruling objections and ruling in favor of the notice plan):

*The Court finds that the form and content of Plaintiffs' proposed notice program, and the methods of disseminating notice to the Classes, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to receive notice. The Court approves the form and content of the Email Notice, Postcard Notice, Banner Notices, and Website Notice, and finds that they clearly and concisely state in plain, easily understood language, the following required information: u(i) the nature of the action; (ii) the definition of the class certified; (Ui) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B); see also Phillips Petroleum Co. v. Shutts, 472 U.S. 797; 812 (1985) (stating that due process requires notice to apprise party of pendency of action, afford party opportunity to appear, describe party's rights, and provide party opportunity to opt out of action). The Court approves the methods of disseminating the notice, which class action administrator Kurtzman Carson Consultants, Inc. has designed to reach approximately 90% of Class members. The combination of email notice, postal mail notice, and internet banner ads constitutes the best notice practicable under the circumstances.*

Judge Celia Gamrath, *Truong v. Peak Campus Management LLC*, (October 16, 2017) No. 2016-CH-09735 (Cir. Ct. Cook Cnty., Ill.):

*The Court finds that the Notice Plan as set forth in the Settlement Agreement and the Declaration of Carla A. Peak meets the requirements of Section 2-803 of the Illinois Code of Civil Procedure and constitutes the best notice practicable under the circumstances, including direct individual notice by U.S. Mail or, in some cases by email, to Settlement Class Members, and satisfies fully the requirements of Due Process, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.*

Judge John Bailey, *In re Monitronics International, Inc., Telephone Consumer Protection Act Litig*., (September 28, 2017) No. 5:11-cv-00090 (N.D. W.Va.):

*The Court carefully considered the Notice Plan set forth in the Settlement Agreement and plaintiffs' motion for preliminary approval. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided therein, and the Courts final judgment will be binding on all Settlement Class Members.*

Honorable Ann I. Jones, *Eck v. City of Los Angeles*, (September 15, 2017) No. 8(577028 (Sup. Ct. Cal.):

*The form, manner, and content of the Class Notice, attached to the Settlement Agreement as Exhibits 8, E, F and G, will provide the best notice practicable to the Class under the circumstances, constitutes valid, due, and sufficient notice to all Class Members, and fully complies with California Code of Civil Procedure section 382, California Code of Civil Procedure section 1781, the Constitution of the State of California, the Constitution of the United States, and other applicable law.*

Honorable Andre Birotté Jr., *Rafofsky v. Nissan North America, Inc,,* (May 1, 2017) No. 2:15-cv-01848 (C.D. Cal.):

*The Court has considered the Notice in the Settlement and finds that the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak attached as Exhibit B to Plaintiffs' Memorandum of Paints and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement, including the exhibits attached thereto: (a) meets the requirements of due process and Fed. R. Civ. P. 23(c) and (e); (b) constitutes the best notice practicable under the circumstances to all persons entitled to notice; and (c)satisfies the constitutional requirements regarding notice. In addition, the forms of notice: (a) apprise Class Members of the pendency of the Litig., the terms of the proposed Settlement, their rights, and deadlines under the Settlement; b) are written in simple terminology; (c) are readily understandable by Class Members; and (d) comply with the Federal Judicial Center's illustrative class action notices. The Court approves the Notice and methodology as described in the Settlement and in the Declaration of Carla Peak in all respects.*

Justice Robert Stack, *Anderson v. Canada* (Attorney General), (November 7, 2016) No. 200701T4955CCP (Supreme Ct. Newfoundland and Labrador):

*The Plaintiffs intend to provide significant notice of the Settlement to class members, which will include, among other things, direct mailings to class members, direct mailings to third parties, dissemination of a shortform notice in various media, and direct community outreach and meetings. The proposed notice materials are intended to be simple and easy to read and understand.*

Honorable Amy J. St. Eve, *In Re: Rust-Oleum Restore Marketing, Sales Practices & Prods. Liab. Litig.*, (October 20, 2016) No. l:15-cv-01364 (N.D. 111.):

*The Notices of Class Action and Proposed Settlement (Exhibits A and B to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.*

Honorable Lynn Adelman, *Fond Du Lac Bumper Exchange, Inc. v. Jui Li Enterprise Company, Ltd.*, (Indirect Purchaser-Jui Li Settlement), (July 7, 2016) No. 2:09-cv-00852 (E.D. Wis.):

*The Court approves the Notice Program set forth in the Declaration of Carla A. Peak. The Court approves as to form and content the Postcard Notice, Summary Publication Notice, and Detailed Notice in the forms attached as Exhibits 1-3, respectively, to the Declaration of Carla A. Peak. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances; is valid, due and sufficient notice to all Settlement Class members; and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the Constitution of the United States. The Court further finds that the forms of Notice are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class members.*

Honorable Manish S. Shah, *Campos v. Calumet Transload Railroad, LLC*, (March 10, 2016 and April 18, 2016) No. 1:13-cv-08376 (5.D. NY.):

*The Court approves the Notice Program set forth in the Declaration of Carla A. Peak, attached as Exhibit A to the Settlement. The Court approves as to form and content the Postcard Notice, Summary Notice, and Detailed Notice in the forms attached as Exhibits B, C, and D, respectively, to the Settlement. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.*

Honorable Rhonda A. Isiran Nishimura, *Charles v. Haseko Homes, Inc*., (February 24, 2015) No. 09·1-1932·08 (Cir. Ct. Hawai'i):

*The Court approves, as to form and content, the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice, and the Notice Plan that are attached as Exhibits 8-9 to the Declaration of Graham B. LippSmith ("LippSmith Dec.") and in the Declaration of Carla Peak...The Court finds that the Hurricane Straps Class Notice, the Hurricane Straps Repose Subclass Notice, and the Notice Plan will fully and accurately inform the potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members of all material elements of the proposed Settlement, of their right to be excluded from the Hurricane Straps Class or Hurricane Straps Repose Subclass, and of each Hurricane Straps Class Member's or Hurricane Straps Repose Subclass Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Hurricane Straps Class Notice and the Hurricane Straps Repose Subclass Notice will (i) meet the requirements of the laws of the State of Hawai'i (including Haw. R. Civ. P. 23), the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law, (ii) constitute the best notice practicable under the circumstances, and (iii) constitute due and sufficient notice to all potential Hurricane Straps Class Members and Hurricane Straps Repose Subclass Members.*

Honorable Christina A. Snyder, *Roberts v. Electrolux Home Products, Inc*., (September 11, 2014) No. 8:12·CV-01644 (C.D. Cal.):

*The Court considered the Settlement Notice Plan submitted by the parties, and the Declaration of Carla A. Peak of KCC describing the Notice Plan...The Court finds that the Notice itself is appropriate, and complies with Fed. R. Civ. P. 23(b)(3), 23(c)(2)(B), and 23(e), because the Settlement Notice, FAQ, and Publication Notice fairly, accurately, and reasonably informed members of the Settlement Class, in plain language, of (1) appropriate information about the nature of this Litig. and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this Litig. and the Settlement Agreement; (3) appropriate information about, and means for obtaining and submitting, a Claim Form; (4) appropriate information about the right of members of the Settlement Class to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, including Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; and (5) appropriate information about the consequences of failing to submit a Claim Form or failing to comply with the procedures and the deadline for opting out of or objecting to, the Settlement...Accordingly, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and California laws and due process. The Court finally approves the Notice Plan in all respects...Any objections to the notice provided to the Class are hereby overruled.*

Honorable Curtis L Collier, *In re: Skelaxin (Metaxalone) Antitrust Litig*., (August 5, 2014) No. 1:12-md-02343 (E.D. Tenn.):

*The proposed form of Notice to End-Payor Settlement Class Members of the pendency and proposed settlement of this action ("Settlement Notice"] set forth in the Notice Plan and Declaration of Carla Peak and the proposed method of dissemination of the Settlement Notice ("Notice Plan")-first to Third-Party*

*Payors and then to Consumers-satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved.*

Honorable Jose L. Linares, *In re Hypodermic Products Antitrust Litig.*, (November 4, 2013) No. 2:05-CV-01602 (D. N.J.):

*Upon reviewing Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Class Certification and Approval of Notice Plan and the Declarations of Karin E. Fisch, Esq. and Carla A. Peak and the documents attached thereto, it is hereby ORDERED, ADJUDGED AND DECREED as follows:...Proposed forms of Notice are attached hereto as Exhibit A. The Court finds that the form fairly and adequately: (i) describes the terms and effect of the Settlement Agreement and of the Settlement; (ii) notifies the Indirect Purchaser Class concerning the proposed plan of allocation and distribution; (iii) notifies the Indirect Purchaser Plaintiffs' Lead Counsel will seek attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of expenses and incentive fees; (iv) gives notice to the Indirect Purchaser Class of the time and place of the Fairness Hearing; and (v) describes how the recipients of the Notice may submit a claim, exclude themselves from the Settlement or object to any of the relief requested.*

Judge M. Joseph Tiemann, *Billieson v. City of New Orleans*, (May 27, 2011) No. 94-19231 (Civ. D. Ct. La.):

*The plan to disseminate notice for the Insurance Settlements (the Insurance Settlements Notice Plan) which was designed at the request of Class Counsel by experienced Notice Professionals Gina Intrepido-Bowden and Carla A. Peak... IT IS ORDERED as follows: 1. The Insurance Settlements Notice Plan is hereby approved and shall be executed by the Notice Administrator; 2. The Insurance Settlements Notice Documents, substantially in the form included in the Insurance Settlements Notice Plan, are hereby approved.*

## SAMPLE CASES

- *Billieson v. City of New Orleans*, D.Ct. La., No. 94-19231
- *Anderson v. Government of Canada*, Sup. Ct. NL, No. 2008NLTD166
- *Alvarez v. Haseko Homes, Inc.*, Cir. Ct. HI., No. 09-1-2691-11
- *Cappalli v. BJ's Wholesale Club, Inc.*, D. R.I., No. 1:10-cv-00407
- *In re Hypodermic Products Antitrust Litig.*, D. N.J., No. 2:05-cv-01602
- *Charles v. Haseko Homes, Inc.*, Cir. Ct. HI., No. 09-1-2697-11
- *Kai v. Haseko Homes, Inc.*, Cir. Ct. HI., No. 09-1-2834-12
- *In re Skelaxin (Metaxalone) Antitrust Litig.*, E.D. Ten., MDL 2343, No. l:12-cv-194
- *Fond du Lac Bumper Exchange Inc. v. Jui Li Enterprise Co. Ltd.*, E.D. Wis., No. 2:09-cv-00852
- *Campos v. Calumet Transload Railroad, LLC*, N.D. Ill., 1:13-cv-08376
- *In re: The Home Depot, Inc., Customer Data Security Breach Litig.*, N.D. Ga., 1:14-md-02583
- *Barba v. Shire U.S., Inc.*, S.D. Fla., No. 1:13-cv-21158
- *Anderson v. The Attorney General of Canada*, Sup. Ct. NL, No. 2007 01T4955CP
- *In Re: Rust-Oleum Restore Marketing, Sales Practices & Prods. Liab. Litig.*, N.D. Ill., No. 1:15-cv-01364
- *Rafofsky v. Nissan North America, Inc.*, C.D. Cal., No. 2:15-cv-01848
- *Lavinsky v. City of Los Angeles*, Sup. Ct. Cal., No. BC542245
- *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, D. Mass., No. 1:14-md-2503
- *Flaum v. Doctor's Associates, Inc. (d/b/a Subway)*, S.D. Fla., No. 16-cv-61198
- *Eck v. City of Los Angeles*, Sup. Ct. Cal., No. BC577028
- *In re Lidoderm Antitrust Litig.*, N.D. Cal., 3:14-md-02521
- *In re Asacol Antitrust Litig.*, D. Mass., No. 1:15-cv-12730

- *Nishimura v. Gentry Homes, LTD.*, Cir. Ct. Hawai'i, 11-11-1□1522-07-RAN
- *In re Monitronics International, Inc., TCPA Litig.*, N.D. W.Va., No. 5:11-cv-00090
- *Abante Rooter and Plumbing, Inc. v. Alarm.com Inc.*, N.D. Cal., No. 4:15-cv-06314
- *In Re: Asacol Antitrust Litig.*, D. Mass., No. 1:15-cv-12730
- *Brown v. The Attorney General of Canada*, O.S.C.J., No. cv-09-00372025
- *Eubank v. Pella Corp.*, N.D. Ill., No. 1:06-cv-04481
- *Ross v. Her Majesty the Queen*, O.S.C.J., No. T-370-17
- *In re Arby's Restaurant Group, Inc. Data Security Litig.*, N.D. Ga., No. 1:17-cv-1035
- *In re Experian Data Breach Litig.*, C.D. Cal., No.15-cv-1592
- *In re /KO Roofing Shingles Products Liability Litig.*, C.D. Ill., No. 2:09-md-02104
- *In re Samsung Top-Load Washing Machine Marketing, Sales Pratices & Prod. Liab. Litig.*, W.D. Okla., No. 5:17-ml-02792
- *In re Trader Joe's Tuna Litig.*, C.D. Cal., No. 2:16-cv-01371
- *Hickcox-Huffman v. US Airways, Inc.*, N.D. Cal, No. S:10-cv-05193
- *Smith v. Complyright, Inc.*, N.D.111., No. 1:18-cv-4990
- *Schneider v. Chipotle Mexican Grill, Inc.*, N.D. Cal., No. 3:16-cv-02200
- *Holt v. Foodstate, Inc.*, D. N.H., No.1:17-cv-00637
- *Lecenat v. Douglas Perlitz*, D. Conn., No. 3:13-cv-01132
- *Elkies v. Johnson & Johnson Services, Inc.*, CD. Cal., No. 2:17-cv-07320
- *In re Morning Song Bird Food Litig.*, S.D. Cal., No. 3:12-cv-01592
- *In re Nexus 6P Products Liab. Litig.*, N.D. Cal., No S:17-cv-02185
- *Worth v. CVS Pharmacy, Inc.*, E.D.N.Y., No. 2:16-cv-0200498
- *Abante Rooter and Plumbing, Inc. v. OH Insurance Agency/Alarm.com Inc.*, N.D. Ill., No. 1:15-cv-09025
- *In re: Sonic Corp. Customer Data Breach Litig.*, N.D. Ohio, No. 1:17-md-02807
- *Brickman v. Fitbit, Inc.*, N.D. Cal., No. 3:15-cv-02077
- *Cicciarella v. Califia Farms, LLC*, S.D.N.Y., No. 7:19-cv-08785
- *Suchanek v. Sturm Foods, Inc.*, S.D.111., No. 3:11-cv-00565
- *In re Thalomid and Revlimid Antitrust Litig.*, D. N.J., No. 2:14-cv-06997
- *Slavin v. Sunrun, Inc.*, N.D. Cal., No. 4:15-cv-05340
- *Pine v. A Place for Mom Inc.*, W.D. Wash., No. 2:17-cv-01826
- *McCurley v. Royal Seas Cruises, Inc.*, S.D. Cal., No. 17-cv-986
- *Loftus v. SunRun, Inc.*, N.D. Cal., No. 3:19-cv-01608
- *Friend v. FGF Brands (USA), Inc.*, N.D. Ill., No. 1:18-cv-07644
- *Tiller v. Her Majesty the Queen (RCMP)*, Fed. Ct. Canada, No. T-1673□17
- *Heyder v. The Attorney General of Canada (CAF-DND)*, Fed. Ct. Canada, No. T-460-17
- *Baker v. Saint-Gobain Performance Plastics Corp.*, N.D.N.Y., No. 1:16-cv-00917
- *In re Deva Concepts Products Liability Litig.*, S.D.N.Y., No. 1:20-cv-1234
- *Morrisey v. Tula Life, Inc.*, Cir. Ct. Ill., No. 2021L000646
- *In re Intuniv Antitrust Litig.*, D. Mass., No. 1:16-cv-12396
- *Burdick v. Tonoga Inc.*, Sup. Ct. N.Y., No. 2016-253835
- *Khan v, Boohoo.com USA, Inc.*, C.D. Cal., No. 2:20-cv-03332
- *Staley v. Gilead Sciences, Inc.*, N.D. Cal., No. 3:19-cv-02573
- *Diaz v. Google LLC*, N.D. Cal., No. 5:21-03080
- *Purvis v. Aveanna Healthcare, LLC*, N.D. Ga., No. 1:20-cv-02277
- *Mitchell v. Intero Real Estate Services*, N.D. Cal., No. 5:18-cv-05623

- *In re Solara Medical Supplies Data Breach Litig.*, S.D. Cal., No. 3:19-cv-02284
- *St. John, Jr. v. 3M Company*, Cir. Ct. Ala., No. CV-2002-000408
- *Crane v. Sexy Hair Concepts, LLC*, D. Mass., No. 1:17☐cv-10300
- *Jackson v. Wendy's International, LLC*, M.D. Fla., No. 6:16-cv-00210
- *In re Remicade Antitrust Litig. (Indirect)*, E.D. Pa., No. 2:17-cv-04326
- *Wesley v. Snap Finance LLC*, D. Utah, No. 2:20-cv-00148
- *Lucas v. Synchrony Bank*, N.D. Ind., No. 4:21-cv-00070
- *Alcazar v. Fashion Nova, Inc.*, N.D. Cal., No. 4:20-cv-01434
- *Manopla v. Home Depot USA, Inc.*, D. N.J., No. 3:15-cv-01120
- *Palmer v. KCI USA, Inc.*, D. Neb., 4:19-cv-3084
- *In Re: Delta Air Lines, Inc.*, C.D. Cal., No. 20-cv-00786
- *Martinez v. Nissan North America, Inc.*, M.D. Tenn., No. 3:22-cv-00354
- *Tepper v. Santander Bank, N.A.*, S.D.N.Y., No. 7:20-cv-00501
- *National Veterans Legal Services Program v. United States of America*, D. D.C., No. 1:16-cv-00745
- *Wood Mountain Fish LLC v. Mowi ASA (Indirect)*, S.D. Fla., No. 1:19-cv-22128
- *Head v. Citibank, N.A.*, D. Ariz., No. 3:18-cv-08189
- *Habberfield v. Boohoo.com USA, Inc.*, C.D. Cal., 2:22-cv-03899
- *Desouza v, Aerocare Holdings LLC*, M.D. Fla., No. 22-cv-1047
- *Fralish v. Ceteris Portfolio Services, LLC*, N.D. Ind., No. 3:22-cv-00176
- *Meeks v. The Sherwin-Williams Company,* Merced Cty., Cal., No. 23-cv-02082
- *RT&S Investment Group, LLC v. City of Miami*, Miami-Dade Cty., Fla., No. 14-32239
- *Restivo-Conley v. Southern Orthopedic Associates, S.C.*, Williamson Cty., Ill., No. 2022LA77
- *Saucedo v. Stonefield Home, Inc.*, Merced Cty., Cal., No. 19-cv-04303
- *Raniel v. Spear Wilderman*, E.D. Pa., No. 23-cv-01442
- *Spencer v. Knix Wear, Inc.*, 5.0.N.Y., No. 1:23-cv-07823
- *Lukis v. OnePlus USA Corp.*, DuPage Cty., 111., No. 2023LA000573
- *Zarkower v. City of New York*, E.D.N.Y., No. 19-cv-3843
- *Faulkner v. Acelia Pharmaceuticals, LLC*, N.D. Ga., No. 2:22-cv-00092
- *In re College Athlete NIL Litig.*, N.D. Cal., No. 4:20-cv-03919
- *Barrett v. Apple Inc.*, N.D. Cal., No. S:20-cv-04812
- *Tobajian v. Allstate Insurance Co.*, C.D. Cal., No. 2:23-cv-00753
- *In re Telescopes Antitrust Litig. (indirect)*, N.D. Cal., No. 5:20-cv-03639
- *Hubbard v. National Collegiate Athletic Association*, N.D. Cal., No. 4:23-cv-01593
- *In re California Gasoline Spot Market Antitrust Litig.*, N.D. Cal., No. 3:20-cv-03131
- *In re Chevy Bolt EV Battery Litig.*, E.D. Mich., No. 2:20-cv-13256
- *In re: Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.*, N.D. Cal., No. 3:23-cv-04089
- *In re Caustic Soda Antitrust Litig.,* W.D. N.Y., No.1:19-cv-00385
- *In re Zoom Securities Litig.*, N.D. Cal., No. 3:20-cv-02353
- *In re: 23andMe, Inc. Customer Data Security Breach Litig.*, N.D. Cal., No. 3:24-md-03098
- *Didwania v. One Source to Market, LLC d/b/a Hexclad Cookware*, Sup. Ct. Cal., No. 23STCV28390
- *The People of the State of California v. Vitol, Inc.*, Sup. Ct. Cal., No. CGC-20-584456
- *Lomas v. Delta Air Lines, Inc.*, C.D. Cal., No. 20-cv-00789
- *Glasscock v. Sig Sauer, Inc.*, W.D. Mo., No. 6:22-cv-03095
- *Daugherty v. Credit Bureau Services Assoc.*, S.D. Tex., No. 4:23-cv-01728
- *Beaver v. Nissan of North America, Inc.*, M.D. Tenn., No. 3:22-cv-00785
- *Johnson v. UnitedHealthcare, Inc.*, M.D. Fla., No. 5:23-cv-00522

- *Swartz v. Dave's Killer Bread, Inc*., N.D. Cal., No. 4:21-cv-10053
- *Pro Slab, Inc. v. Argos USA LLC*, D.S. C., No. 2:17-cv-03185
- *Boyer v. Breckenridge Pharmaceutical*, D. N.J., No. 2:24-cv-06514
- *C.M. v. MarinHealth Medical Group, Inc*., Sup. Ct. Cal., No. CV-000-2218
- *In re VNGR Beverage Litig.*, N.D. Cal., No. 4:24-cv-03229
- *Colombo v. YouTube, LLC and Google, LLC*, N.D. Cal., No. 3:22-cv-06987

## SAMPLE CASES - Canada

- *Anderson v. Government of Canada*, Sup. Ct. NL, No. 2008NLTD166
- *Griffin v. Dell Canada Inc.,* Ont. Super. Ct., No. 07-CV-325223D2
- *Anderson v. The Attorney General of Canada*, Sup. Ct. NL, No. 2007 01T4955CP
- *Brown v. The Attorney General of Canada*, ONSC, No. cv-09-00372025
- *Ross v. Her Majesty the Queen.* Fed. Ct. Canada, No. T-370-17
- *Ross v. Attorney General of Canada*, ONSC., No. CV-16-5653275
- *Roy v. Attorney General of Canada*, Q.C.S.C., No. 500-06-000819-165
- *Satalic v. Attorney General of Canada*, Fed. Ct. Canada, No. T-2110-16
- *Tiller v. Her Majesty the Queen* (RCMP), Fed. Ct. Canada, No. T-1673-17
- *Heyder v. The Attorney General of Canada* (CAF-DND), Fed. Ct. Canada, No. T-460-17
- *Dixon et al. v. Dr Norman Barwin*, ONSC, No. 16-70454CP
- *Asquith v. MinebeaMisumi Inc*., S.C.B.C., No. S1510495
- *Cygnus Electronics Corp. v. Panasonic Corp./ Allott v. AVX Corp.*, 2021 ONSC 7623
- *Devries v. Espar Inc*., ONSC, No. 534/15 CP
- *Godfrey v. Sony Corporation*, S.C.B.C., S106462
- *Boulay v. Federation Des Caisses Desjardins du Quebec*, Sup. Ct. Québec, No. 200-06-000231-194
- *Dennis v. Attorney General of Canada*, Ct. Manitoba, 2022 MBQB 72
- *Grossman et al. v. Nissan Canada Inc*., ONSC, No. CV-18-00590402-00CP
- *Mao et al. v. Nissan Canada Inc.*, ONSC, No. CV-19-00003730-00CP
- *Moretti et al. v. Facebook Inc*., S.C.B.C. No. VLC S-1813727
- *Allan v. Aspen Group Resources Corp*., ONSC, No. CV-17-11817-00CL
- *Gilani v. BMO Investments Inc*., ONSC, No. CV-18-00611748-00CP
- *Pozgaj v. National Bank*, ONSJ, No. CV-18-00611745-CP
- *Vecchio Longo Consulting Services Inc. v. Aphria Inc*., ONSC, No. CV-19-0061408600 CP
- *Wright v. Horizons ETFS Management*, ONSC, No. CV-18-00597284-00CP
- *Casseres v. Takeda Pharmaceutical Company Ltd*., 2021 ONSC 2846
- *Markovich et al. v. Merck Frosst Canada & Co*., Ct. Queen's Bench Saskatchewan, No. 1001-14447
- *O'Brien et al. v. Bard Canada Inc*., 2015 ONSC 2470
- *Harper et al.  v. American Medical Systems Canada Inc*., 2019 ONSC 5723
- *Sweetland et al. v. Glaxosmithkline Inc*., Sup. Ct. Nova Scotia, No. 315567

## SAMPLE CASES - Canada

- *Association of Consumer Support Organisations v. Amazon*, Competition Appeal Tribunal

# Exhibit C

Banner Ads

 

Facebook/Instagram

 

TikTok

 

Search Ad



http://www.karooya.com/responsive-search-ad-preview-tool?id=f8fdy6aelimlfgmh

# Exhibit D

<u>Press Release</u>

# If you downloaded or used an app from Google Play and you were under the age of 13, you may be eligible for a payment from a class action settlement.

Philadelphia, PA, Month 00, 2026 /PRNewswire/ -- The following statement is being issued by Kroll Settlement Administration regarding the *A.B. v. Google LLC* settlement.

A proposed Settlement has been reached with Google LLC and AdMob Google Inc. ("Google") in a class action lawsuit about the unlawful collection, use, and disclosure of personal information from children under 13 using Google Play apps from April 1, 2015 to the present, in violation of their privacy rights. The lawsuit is called *A.B., et al. v. Google LLC, et al.*, Case: 5:23-cv-03101 (N.D. Cal.). Google denies any wrongdoing.

The Settlement Class includes anyone living in the United States who, at any time from April 1, 2015 through the present, was under 13 years old when they downloaded or used an app from Google Play and whose personal information was allegedly collected, used, or disclosed by Google.

Google will pay $8,250,000 into a Settlement Fund to resolve the lawsuit. After deducting attorneys' fees and expenses, the costs of notice and administration, and Service Awards, valid claims will receive a proportional payment from the Settlement Fund.

Claim Forms must be submitted online or by mail postmarked by Month 00, 2026. If you do nothing, you will be legally bound by the terms of the Settlement, and you will release your claims against Google. You may opt out of or file an objection to the Settlement by Month 00, 2026.

The Court is scheduled to hold a Final Approval Hearing on Month 00, 2026, at xx:00 a.m. to consider whether to approve the Settlement, attorneys' fees up to XX% of the Settlement Fund ($0,000,000), plus reimbursement of costs, and Service Awards of $500 to each guardian of a Plaintiff. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.

This is only a summary. For more information, including the Settlement Agreement), and the Claim Form, visit www.[website].com or call 000-000-000.

###

**Source:** Kroll Settlement Administration *(Required for press release to be issued.)*
**Media Contact(s):** *(Required for press release to be issued. Not available to the general public, only to registered reporters).*

*Kroll will act as the media contact for the press release unless the client provides an alternate contact. Media contact is only available to reporters and media outlets registered with PR Newswire.*

Exhibit E

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

United States District Court for the Northern District of California
*A.B., et al. v. Google LLC, et al., Case 5:23-cv-03101*

# If you downloaded or used an app from Google Play from April 1, 2015 to the present while under the age of 13, you may be eligible for a payment from a Class Action Settlement.

*<u>A federal court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.</u>*

- A proposed Settlement has been reached with Google LLC and AdMob Google Inc., the Defendants, in a class action lawsuit about the unlawful collection, use, and disclosure of personal information from children under 13 using Google Play applications ("apps") from April 1, 2015 to the present (the Settlement Class Period), in violation of their privacy rights. The Defendants deny these allegations and deny all wrongdoing.

- You are included in this Settlement as a Settlement Class Member if you live in the United States and were younger than 13 years old when, at any time during the Settlement Class Period, you downloaded or used an app from Google Play and the Defendants allegedly collected, used, or disclosed any of your personal information.

- Under the proposed Settlement, the Defendants will pay $8,250,000 to establish a Settlement Fund to cover *pro rata* (proportional) payments to Settlement Class Members with valid claims, as well as Notice and Settlement Administrative Costs, taxes, and the court-approved Attorney's Fees, Costs, and Service Awards.

- As a Settlement Class Member, your rights are affected whether you do or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **File a Claim** | The only way to receive a Settlement Payments is to submit a valid and timely Claim Form. | **Month __, 2026** |
| **Opt Out of the Settlement** | If you opt out, you will not be bound by the terms of the Settlement and you keep the right to sue the Defendants about the claims resolved by this Settlement. You will not receive any benefits from the Settlement. | **Month __, 2026** |
| **Object to the Settlement and/or Attend a Hearing** | If you do not opt out of the Settlement, you may object to it and tell the Court what you do not like about it. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you can still file a claim. | **Month __, 2026** |
| **Do Nothing** | If you do nothing, you will remain a Settlement Class Member and will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You will not receive any benefits from the Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still must decide whether to approve the Settlement.

- Payments will only be made if the Court approves the Settlement and after appeals, if any, are resolved.

# WHAT THIS NOTICE CONTAINS

**Basic Information**

1. Why was this Notice issued?..................................................................................................... 3
2. What is this Action about?........................................................................................................ 3
3. What is a class action?............................................................................................................. 3
4. Why is there a Settlement?...................................................................................................... 3

**Who is in the Settlement?**

5. Who is included in the Settlement?.......................................................................................... 3
6. Are there exceptions to being included in the Settlement?....................................................... 3

**The Settlement Class Member Benefits**

7. What does the Settlement provide?.......................................................................................... 4
8. What claims am I releasing if I stay in the Settlement Class?................................................... 4

**How to get Settlement Class Member Benefits – Making a Claim**

9. How do I submit a Claim Form?............................................................................................... 4
10. How do Settlement Class Members that are minors (under the age of 18) file a claim?.................. 4
11. When will I get my Settlement Payment?................................................................................. 5

**The Lawyers Representing You**

12. Do I have a lawyer in this case?.............................................................................................. 5
13. Should I get my own lawyer?................................................................................................... 5
14. How will the lawyers be paid?.................................................................................................. 5

**Excluding Yourself from the Settlement**

15. How do I opt out of the Settlement?........................................................................................ 5

**Objecting to the Settlement**

16. How do I tell the Court if I do not like the Settlement?............................................................. 5
17. What is the difference between objecting and opting out?........................................................ 6

**The Court's Final Approval Hearing**

18. When is the Court's Final Approval Hearing?.......................................................................... 6
19. Do I have to come to the Final Approval Hearing?................................................................... 6

**If you Do Nothing**

20. What happens if I do nothing at all?........................................................................................ 6

**Getting More Information**

21. How do I get more information?............................................................................................... 7

## BASIC INFORMATION

| 1. Why was this Notice issued? |
| --- |

A Court authorized this Notice because you have a right to know about the proposed Settlement of this Action and about all your options before the Court decides whether to grant Final Approval of the Settlement. This Notice explains the Action, your legal rights, what benefits are available, and who can receive them.

The Action is called *A.B., et al., v. Google LLC, et al.*, Case: 5:23-cv-03101 and is pending in the United States District Court for the Northern District of California before the Hon. P. Casey Pitts. The people who filed this Action are called the Plaintiffs and the companies they sued, Google LLC and AdMob Google Inc., are called the Defendants.

| 2. What is this Action about? |
| --- |

A proposed Settlement has been reached with the Defendants, in a class action lawsuit that alleges that, from April 1, 2015 to the present, the Defendants collected, used, and disclosed personal information from children under 13 without parental consent through Google Play applications ("apps"), in violation of their privacy rights. The Action alleges that the Defendants used the collected information to target these under-13 users with behavioral advertising.

The Defendants deny these allegations and deny any and all wrongdoing.

| 3. What is a class action? |
| --- |

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals who sue are known as "Class Representatives" or "Plaintiffs." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who exclude themselves (sometimes called, "opting out") from a settlement.

In this case, the Class Representatives are: Plaintiffs A.B., a minor, by and through their court-appointed guardian Jen Turner; C.D.1, C.D.2, and C.D.3, minors, by and through their court-appointed guardian Kirenda Johnson; and E.F.1 and E.F.2, minors, by and through their court-appointed guardian Barbara Hayden-Seaman.

| 4. Why is there a Settlement? |
| --- |

The Court has not decided in favor of the Plaintiffs or Defendants. The Defendants deny all claims and contend that they have not violated any laws. The Plaintiffs and Defendants agreed to a Settlement to avoid the costs and risks of a trial, and through the Settlement, Settlement Class Members are eligible to claim a payment and benefit more quickly. The Plaintiffs and their attorneys, who also represent the Settlement Class, believe the Settlement is in the best interests of all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. Who is included in the Settlement? |
| --- |

The Settlement Class consists of anyone living in the United States who, at any time from April 1, 2015 through the present, was younger than 13 years old when they downloaded or otherwise used an application from Google Play and from whom the Defendants allegedly collected, used, or disclosed any personal information.

| 6. Are there exceptions to being included in the Settlement? |
| --- |

Yes, excluded from the Settlement Class are all persons who are: (1) the Defendants, their subsidiaries and affiliates, officers, and directors; (2) the judges to whom this case is or has been assigned and any member of the judges' immediate family; (3) anyone who submits a valid and timely Request for Exclusion (*see* Question 15); and (4) Settlement Class Counsel.

## THE SETTLEMENT CLASS MEMBER BENEFITS

### 7. What does the Settlement provide?

If approved by the Court, the Defendants will pay $8,250,000 into a Settlement Fund to resolve the Action.

After deducting court-approved Attorneys' Fees and Costs, the Service Awards, and Settlement Notice and Administration Costs, the balance of the Settlement Fund (the Net Settlement Fund) will be used to provide Settlement Payments to Settlement Class Members on a *pro rata* (proportional) basis.

Any money left in the Net Settlement Fund after all fees, costs, awards, and payments, if any, will be donated to court-approved charities (a *cy pres* distribution). No funds will be returned to Defendants.

At this time, it is unknown how much each Settlement Class Member who files a valid claim will receive. The amount will depend on the number of valid claims submitted.

### 8. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about any of the legal claims alleged in the Complaint, or that could have been alleged in the Complaint. The Releases section in the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement can be found at www.[website].com.

## HOW TO GET SETTLEMENT CLASS MEMBER BENEFITS – MAKING A CLAIM

### 9. How do I submit a Claim Form?

To file a claim, you must submit a Claim Form by Month XX, 2026. Claim Forms may be submitted online at www.[website].com by 11:59 p.m. PT, or, downloaded from the Settlement Website, and mailed postmarked by Month X, 2026 to the Settlement Administrator at:

*A.B., et al., v. Google LLC, et al.,* Case: 5:23-cv-03101
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

Each Settlement Class Member will have the opportunity to submit one claim. Settlement Claim Forms must be signed by the Settlement Class Member **or**, if the Settlement Class member is under 18 as of Month X, 2026, the name and signature of the parent or legal guardian acting on their behalf. Settlement Claim Forms must be submitted by Settlement Class Members or a parent or legal guardian. No Settlement Claim Forms from third parties will be accepted.

### 10. How do Settlement Class Members that are minors (under the age of 18) file a claim?

If a Settlement Class Member is a minor, their Claim Form must be submitted and signed by their parent or legal guardian. A minor is defined as a person who is under the age of 18 as of Month XX, 2025.

### 11. When will I get my Settlement Payment?

After the Settlement is "finally approved" and any challenges to that approval are finally resolved. The Court is scheduled to hold a Final Approval Hearing on <mark>Month XX, 2026, at X:X0 _.m.</mark> **PT**, to decide whether to approve the Settlement, how much Attorneys' Fees and Costs to award Settlement Class Counsel for representing the Settlement Class, and the amount of the Service Awards to the court-appointed guardians of the Class Representatives who brought this Action on behalf of the Settlement Class.

If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement Payments will be distributed as soon as possible--if the Court grants Final Approval of the Settlement and after any appeals are resolved.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

Yes, the Court appointed lawyers at the firms Silver Golub & Teitell LLP and Lexington Law Group to represent you and other members of the Settlement Class as Settlement Class Counsel. You will not be charged directly for these lawyers; instead, they will receive compensation from the Settlement Fund (subject to Court approval). Settlement class counsel is available to answer any questions and may be contacted as follows:

| | |
|---|---|
| Ian W. Sloss<br>Silver Golub & Teitell LLP<br>One Landmark Square, Floor 15<br>Stamford, CT 06901 | Patrick Carey<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94105 |

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. Should I get my own lawyer?

It is not necessary for you to hire your own lawyer because Settlement Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 14. How will the lawyers be paid?

Settlement Class Counsel will ask the Court to approve attorneys' fees up to 30% of the $8,250,000 Settlement Fund ($2,475,000) plus reimbursement of costs and expenses, as well as Service Awards of up to $500 for each of the three court-appointed guardians of the Settlement Class Representatives. If approved, these amounts will be paid from the Settlement Fund before making payments to Settlement Class Members who submit valid claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 15. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement and you want to keep your right to separately sue the Defendants about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out." The Opt-Out Deadline to submit a "Request for Exclusion" from the Settlement is <mark>Month XX, 2026</mark>.

To exclude yourself from the Settlement, you must submit a written Request for Exclusion to the Settlement Administrator that includes the following information:

- Your name, address, telephone number, and email address;

- A statement indicating that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in *A.B., et al., v. Google LLC, et al.,* Case: 5:23-cv-03101";
- Your signature or e-signature (or that of your legal guardian or representative if you are under 18) by Month XX, 2026 under penalty of perjury.

Your Request for Exclusion must be submitted online through the Settlement Website by 11:59 p.m. PT, or mailed to the Settlement Administrator postmarked by Month XX, 2026 at:

*A.B., et al., v. Google LLC, et al.,* Case: 5:23-cv-03101
c/o Kroll Settlement Administration LLC
ATTN: Exclusions
P.O. Box XXXX
New York, NY 10150-XXXX

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member, you can choose (but are not required) to object to the Settlement if you do not like it or a portion of it, whether that be to the Settlement Class Member Benefits, the request for Attorneys' Fees and Costs, the Service Award payments, the Releases provided to the Defendant, the fairness, reasonableness or adequacy of the Settlement, or some other aspect of the Settlement. Through an objection, you give reasons why you think the Court should not approve the Settlement. The Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

A parent or legal guardian must submit an objection for any Settlement Class Member who is a minor, or person who is under the age of 18 as of Month XX, 2025.

For an objection to be considered by the Court, the objection must include:

- The case name and number, "*A.B., et al., v. Google LLC, et al.*, Case: 5:23-cv-03101."
- The Settlement Class Member's full name, address, telephone number, and email address.
- The full name, address, telephone number, and email address of the Objector's counsel (if any).
- A statement about whether the objection only applies to the Objector or to others.
- The specific factual and legal grounds for each objection.
- A statement about whether the Objector intends to appear in person or through counsel at the Final Approval Hearing.
- A statement, declaration, or sworn affidavit submitted by the Objector stating, "Under penalty of perjury, I (or the Settlement Class Member, if a minor) is a member of the Settlement Class."
- Your signature (and the signature of a parent or legal guardian if the Objector is a minor).

Objections must be filed with the Court by 11:59 p.m. PT on Month XX, 2026 if filing online or mailed postmarked no later than Month XX, 2026 to:

Office of the Clerk
United States District Court
Northern District of California
280 South 1st Street, Room 2112

San Jose, CA 95113

**17. What is the difference between objecting and opting out?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from it. Excluding yourself from the Settlement means telling the Court you do not want to be part of the Settlement. If you exclude yourself or opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**18. When is the Court's Final Approval Hearing?**

The Court is scheduled to hold a Final Approval Hearing on **Month XX, 2026 at XX:X0 _.m. PT**, at United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, CA 95113, to decide whether to approve the Settlement, how much Attorney's Fees and Costs to award to Class Counsel for representing the Settlement Class, and whether to approve the Service Awards to the Class Representatives who brought this Action on behalf of the Settlement Class. The date and time of this hearing may change without further notice. Please check www.[website].com for updates.

**19. Do I have to come to the Final Approval Hearing?**

No. Settlement Class Counsel will answer any questions the Court may have. You may attend at your own expense. If you file an objection, you may but do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time and in accordance with the requirements above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**20. What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will give up your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendants and the Released Parties, as defined in the Settlement Agreement, about the legal issues resolved by this Settlement. In addition, you will be bound by the Releases in the Settlement and will not be eligible to receive a Settlement Payment.

## GETTING MORE INFORMATION

**21. How do I get more information?**

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[website].com.

If you would like to access the case docket to learn more about the case, you can do so online through https://pacer.uscourts.gov/ and searching for the case number 5:23-cv-03101 in the Northern District of California. You may have to sign up for an account and pay a fee if you do not already have an account. You can also access the case docket in person by visiting the Office of the Clerk, United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have additional questions or need to update your address, you may contact the Settlement Administrator by phone at (XXX) XXX-XXXX, or by mail:

*A.B., et al., v. Google LLC, et al.,* Case: 5:23-cv-03101
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT OR DEFENDANTS.**

Exhibit F

XXXX



<table>
<tr><td>

**Your claim must be submitted online or <u>postmarked by</u>:**

<mark>Month XX, 2026</mark>

</td></tr>
</table>

## <u>SETTLEMENT CLAIM FORM</u>

*A.B., et. al., v. Google LLC, et al.*
*Case:  5:23-cv-03101*
United States District Court for the Northern District of California

### <u>GENERAL INSTRUCTIONS</u>

You must submit a valid Settlement Claim Form by **Month XX, 2026** to be eligible to receive a payment from this Settlement. The payment amount will be determined by the number of valid claims submitted (a *pro rata* distribution).

Settlement Claim Forms may be submitted electronically on the Settlement Website (<mark>www.[website].com</mark>) by 11:59 p.m. or by mail using this form postmarked by **Month XX, 2026**. Please type or legibly print all requested information in blue or black ink. Mail your completed Claim Form, by U.S. Mail, to:

*A.B., et al., v. Google LLC, et al.*, Case: 5:23-cv-03101
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

**<u>If you are under 18 as of Month XX, 2026, this Claim Form must be submitted by a parent or legal guardian on your behalf.</u>**

Each Settlement Class Member will have the opportunity to submit one claim. Settlement Claim Forms must be submitted by Settlement Class Members or a parent or legal guardian. No Settlement Claim Forms from third parties will be accepted.

## I. PAYMENT SELECTION

If you would like to receive your payment through electronic transfer, please visit the Settlement Website (<mark>www.[website].com</mark>) and timely file your Settlement Claim Form online by 11:59 p.m. PT on **Month XX, 2026**. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

Settlement Class Members who submit this Settlement Claim Form by U.S. Mail will receive a mailed check.

## II. REQUIRED INFORMATION

Provide the name and contact information of the Settlement Class Member below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____
**First Name**                                                    **Last Name**

_____
**Address 1**

_____
**Address 2**

_____    ___ ___ ___    ___ ___ ___ ___ ___
**City**                                                                          **State**          **Zip Code**

**Birth Date of Settlement Class Member:** _____
                                                                           **MM/YYYY**

XXXX

Check the box below to attest that you are a Settlement Class Member (or that the minor you represent is a Settlement Class Member).

☐  I used an app from Google Play between April 1, 2015 to the present.

## III. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my State that the information I have supplied in this Settlement Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_
Signature of Class Member                                    Date (mm/dd/yyyy)

_____
Print Name

_____    \_\_\_\_ \_\_\_ / \_\_\_\_ \_\_\_\_ / \_\_\_\_ \_\_\_\_ \_\_\_\_ \_\_\_\_
Signature of Parent or Legal Guardian (if Settlement Class Member is under 18)    Date (mm/dd/yyyy)

_____
Print Name

**Reminder Checklist:**

If your address changes or you need to make a future correction/update to the address you provide on this Settlement Claim Form, please visit the "Contact Us" section of the Settlement Website at www.[website].com and provide your updated address information.

For more information, visit www.[website].com or call the Settlement Administrator at **(xxx) xxx-xxxx**.