UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., A MINOR, BY AND THROUGH HIS GUARDIAN JEN TURNER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOOGLE LLC, et al., <br><br> Defendants. | Case No.  23-cv-03101-PCP <br><br> **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Re: Dkt. No. 81 |

**BACKGROUND**

This is a putative class action lawsuit filed by six minor children plaintiffs in three states, represented by guardians ad litem, against defendants Google, Admob Google, and Admob, alleging that defendants collected personal information from plaintiffs without parental consent in order to target these children with behavioral advertising in violation of state and federal law, including the Children's Online Privacy Protection Act (COPPA). *See* 15 U.S.C. § 6501. Plaintiffs allege that Google's "Designed for Families" program purported to screen thousands of apps for children for compliance with state and federal laws regarding the collection of children's data, resulting in 4.5 billion downloads, but that certain apps in the program nonetheless collected children's data illegally. Plaintiffs sued defendants on June 22, 2023, on behalf of a proposed class of children under 13 years old who used Designed for Families apps and whose personal information may have been collected without their parents' consent. The Court denied defendants' motion to dismiss on June 18, 2024. *See* Dkt. Nos. 27, 43.

The parties thereafter engaged in discovery before reaching a proposed settlement. *See* Declaration of Ian W. Sloss in Support of Plaintiffs' Motion for Preliminary Approval of Class

Action Settlement and Certification of Settlement Class, Dkt. No. 82, at 3. Discovery included two sets of document requests and interrogatories by defendants to plaintiffs and discovery from plaintiffs to defendants. *Id.* The parties also scheduled a mediation and exchanged confidential mediation statements. *Id.* After a virtual mediation, months of negotiations, and a day of in-person mediation conducted by a retired federal magistrate judge, the parties informed the Court on September 10, 2025, that they had reached a settlement in principle. *Id.* at 3–5.

On January 13, 2026, the parties moved for preliminary approval of the class action settlement, conditional certification of the settlement classes, appointment of class representatives and class counsel, approval of the class notice program, approval of the settlement administrator, and the setting of a final approval hearing.

The Court heard argument on the motion for preliminary approval on February 19, 2026. Dkt. No. 87. At the hearing, the Court discussed the scope of the settlement's release, the maximum possible recovery, why the selected *cy pres* recipients are appropriate, and the proposed notice mechanism. The Court ordered supplemental briefing on the *cy pres* recipients and their relation to this case. On February 26, 2026, plaintiffs submitted a supplemental brief explaining that the proposed recipients are nonprofit organizations whose "objectives … align with the interest of the Class Members" because they advocate for rules and policies that protect children. Dkt. No. 90, at 3.

Under the terms of the settlement, defendants will make a $8,250,000 non-reversionary cash payment to create a settlement fund, which will first cover the costs of administering the settlement, providing notice to class members, funding class representative service awards, and paying any award of attorneys' fees and costs to plaintiffs' counsel, and then be distributed pro rata to class members who submit valid and timely claims. Dkt. No. 81, at 5. The class representative service awards to the three guardians ad litem will be up to $500 each. Dkt. No. 17, at 8. Plaintiffs will seek fees of no more than $2,475,000, and expenses of up to $79,905.40. *Id.* at 7–8.

Plaintiffs request certification of a settlement class made up of "all Persons residing in the United States who, at any time during the Settlement Class Period, were younger than 13 years old

when they downloaded or otherwise used an application from Google Play and from whom Defendants allegedly collected, used, or disclosed any personal information" from April 1, 2015, to present. Dkt. No. 81, at 6.

Under the terms of the settlement, class members will release defendants from all claims "arising out of or relating to the allegations in the Action," including claims that "could have been brought by a parent or legal guardian on behalf of a minor child." *Id.* at 8.

The parties propose notifying and paying settlement class members through paid advertising in digital and social media, a paid keyword search campaign, a press release, a settlement website, and a toll-free telephone line. Dkt. No. 81, at 22. According to the proposed Settlement Administrator, Kroll, the proposed notice mechanisms are predicted to reach 70% of class members. *Id.*

Under the proposed schedule, Kroll will provide notice to class members within 30 days of the entry of this preliminary approval order. *Id.* at 23–24. Class members will have at least 95 days from the date of preliminary approval to opt out of or object to the settlement. Kroll estimates the cost of providing notice and administering the settlement at $364,779, approximately four percent of the $8.25 settlement fund. *Id.* at 24. The parties assume a one to two percent claims rate. *Id.* at 13. Applied to an estimated class size of 3.8 million to 10 million, plaintiffs estimate that class members who submit valid and timely claims will receive $40 to $200 each. *Id.* at 13.

## LEGAL STANDARDS

While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019), district courts must carefully "scrutinize pre-class certification settlements," as there is a risk of collusion between the defendants and class counsel to settle "without devoting substantial resources to the case." *Briseño v. Henderson*, 998 F.3d 1014, 1024 (9th Cir. 2021). "Approval of a settlement is a two-step process. Courts first determine whether a proposed class action settlement deserves preliminary approval [including conditional class certification] and then, after notice is given to class members, whether final approval is warranted." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In*

*re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at \*3 (N.D. Cal. Aug. 8, 2014)).

Rule 23 requires district courts to ensure that any class settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e). In making this determination, a court must consider whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id.*

To obtain conditional class certification, the proposed class must meet the following requirements: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are often referred to as the numerosity, commonality, typicality, and adequacy requirements. The proposed class must satisfy the requirements of one of the subsections of Rule 23(b).

## ANALYSIS

### I.    The Court grants conditional certification of the proposed settlement class.

#### A.    Rule 23(a)

A class action can be certified only if it meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). The settlement class here does so.

Numerosity requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a)(1). Generally, the numerosity requirement is met where the plaintiff class contains forty or more members. *Corley v. Google, Inc.*, 316 F.R.D. 277, 290 (N.D. Cal. 2016). The settlement class here is estimated to contain 3.8 to 10 million people. Dkt. No. 81, at 16. The numerosity requirement is met.

United States District Court
Northern District of California

The second requirement of Rule 23(a), commonality, mandates that there be "questions of law or fact common to the class." Fed. R. Civ. Proc. 23(a)(2). Here, the plaintiffs' suit arises from defendants' alleged practice of collecting personal, identifying information of millions of U.S. children without obtaining adequate parental consent and then using that information to engage in targeted advertising. Dkt. No. 81, at 16. Consequently, class members share common questions of law and fact such as whether defendants' conduct violated COPPA, whether defendants violated class members' privacy, whether defendants disclosed their conduct to class members, whether defendants' conduct was highly offensive, whether class members were harmed because of defendants' conduct, and whether class members can receive damages. *Id.* at 16–17.

The third requirement, typicality, is met when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (cleaned up). Here, the claims of the named plaintiffs are typical of the class because named and unnamed plaintiffs' claims arise from the "same course of events," namely defendants' alleged gathering of personal identifying information from plaintiffs without verifiable parental consent and use of that information to engage in targeted advertising. *Id.*

Finally, adequacy of representation requires that the class representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. Proc. 23(a)(4). Adequacy requires that the named plaintiffs and their counsel have no conflicts of interest with other class members and that named plaintiffs and their counsel prosecute the action vigorously on behalf of the class. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). Here, there are no known conflicts of interest between the proposed class members and the named plaintiffs or class counsel. *See* Dkt. No. 81, at 18. The named plaintiffs and class counsel have actively prosecuted the action, including by conducting discovery, consulting with experts, and filing this motion for preliminary approval after settlement negotiations. *Id.* at 18–19. Accordingly, the representation of the class by its counsel and the named plaintiffs is adequate.

### B.    Rule 23(b)(3)

Class certification also requires that the action be "maintainable under Rule 23(b)(1), (2),

or (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Here, the plaintiffs seek certification under Rule 23(b)(3), which imposes two further requirements: predominance and superiority. *See* Dkt. No. 81, at 19.

Predominance requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. Proc. 23(b)(3). This case features multiple common questions of law or fact that predominate over questions affecting only individual members, including whether defendants' conduct violated COPPA. Dkt. No. 81, at 20. Therefore, plaintiffs have satisfied predominance.

Superiority "assure[s] that the class action is the most efficient and effective means of resolving the controversy." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (cleaned up). A class action is usually a superior mechanism when there is a significant disparity between litigation costs and the recovery sought, such that the class action would allow individuals to pool claims that would be uneconomical individually. Here, the estimated per-member recovery is reasonably small, while class counsel's likely litigation costs in "managing millions of individual cases" would significantly exceed the proposed recovery. Dkt. No. 81, at 21. If class members were to pursue their own actions, their litigation costs would likely significantly exceed their recovery. Accordingly, pursuing these claims in this case as a class action is superior to other means of adjudicating the dispute.

Because the requirements of Rule 23(a) and 23(b)(3) are satisfied, the Court grants conditional class certification of the settlement class for settlement purposes only.

## II.    Appointment of class representatives and class counsel.

Because plaintiffs satisfy the typicality and adequacy requirements of Rule 23(a), they are appointed as representatives of the settlement class.

Rule 23(g) provides that "a court that certifies a class must appoint class counsel" and that an appointing court shall consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. Proc.

23(g)(1). Plaintiffs' counsel have demonstrated their satisfaction of the Rule 23(g) factors, including in their litigation of this case. Plaintiffs' counsel are therefore appointed as settlement class counsel.

### III.    The proposed settlement is fair, reasonable, and adequate.

Federal Rule of Civil Procedure 23(e) requires that any proposed class settlement be approved only if it is "fair, reasonable, and adequate." Because this settlement occurred before formal class certification, the Court must conduct a more searching analysis in order to ensure that class representatives and their counsel did not secure a disproportionate benefit at the expense of the class. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012). "But class action settlements do not need to embody the best result for preliminary approval." *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *6 (N.D. Cal. Mar. 26, 2014).

The Court may grant preliminary approval of a settlement and direct notice to the class if "the proposed settlement [1] appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

Each factor favors preliminary approval of the settlement.

#### A.    The proposed settlement appears to be the product of serious, informed, non-collusive negotiations.

"The first fairness factor concerns the means by which the parties arrived at settlement." *Toolajian v. Air Methods Corp.*, 2020 WL 8674094, at *8 (N.D. Cal. Apr. 24, 2020) (internal quotations omitted). The settlement agreement here was reached after two and a half years of litigation, including plaintiffs' success in opposing defendants' motion to dismiss. *See* Dkt. No. 43. The parties exchanged and responded to discovery requests and were prepared for depositions and class certification briefing when they reached agreement on the proposed settlement. Dkt. No. 82 ¶ 23. The parties reached the settlement after a virtual mediation session, followed by discovery and negotiations over several months as well as another day-long in-person mediation session conducted by a retired federal magistrate judge. *Id.* ¶ 24. Additionally, the structure of the

settlement does not suggest collusion as the parties have not negotiated a "clear sailing" provision whereby class counsel would receive fees separate from class settlement funds. *See* Dkt. No. 81-1, at 2. Nor would unused funds revert to defendants. *See* Dkt. No. 81 at 5–6. And class counsel will not receive a disproportionate share of the settlement. All of these features of the settlement and its negotiation suggest that the parties were "armed with sufficient information about the case" to broker a fair settlement. *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396 (C.D. Cal. 2007).

### B.    The proposed settlement treats all class members fairly.

Under the proposed settlement, all settlement class members who file valid and timely claims will receive a pro rata share of the $8.25 million settlement fund. Dkt. No. 81 at 5. The Court is satisfied that the allocation of the settlement does not unfairly benefit some class members over others.

To be certain, the settlement provides for the three guardians ad litem for the six named plaintiffs to be able to seek approval of service awards of up to $500 each. *Id.* at 7. Approval of the settlement is not contingent on any service award to the guardians ad litem. *Id.* There is also currently no indication that the proposed service awards for the named plaintiffs constitute "preferential treatment" that would defeat preliminary approval. *See Lopez v. Bank of Am., N.A.*, 2015 WL 5064085, at *8 (N.D. Cal. Aug. 27, 2015) (noting that service awards of $5,000 are "presumptively reasonable"). The Court reserves further analysis of the propriety of the proposed service award until final approval.

### C.    The proposed settlement falls within the range of possible settlements.

To determine whether a settlement "falls within the range of possible approval[,] … the Court focuses on substantive fairness and adequacy and considers [plaintiffs'] expected recovery balanced against the value of the settlement offer." *Toolajian*, 2020 WL 8674094, at *10 (internal quotations omitted). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery [does] not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982).

The parties have not estimated the maximum total exposure defendants could face because, as plaintiffs explained at the hearing, this case does not involve "statutory damages" nor "direct

United States District Court
Northern District of California

United States District Court
Northern District of California

monetary loss." Hearing at 4:17–28. For that reason, the Court declined to order supplemental briefing on the maximum total damages at issue.

Plaintiffs argue that comparable settlements involve per-member recovery amounts comparable to the settlement here. They note that the settlement in *T.K. v. Bytedance Tech. Co., Ltd.*, 2022 WL 888943 (N.D. Ill. Mar. 25, 2022), provided a projected per-member recovery of $0.18 and actual recovery of $3.06. *Id.* at *12. Another settlement produced a per-member recovery range between $0.67 and $0.86. *See Hubbard v. Google*, ECF No. 5:19-cv-07016-SVK, Dkt. Nos. 333, 341, 346 (N.D. Cal. 2025). Here, plaintiffs estimate that the $8.25 million settlement fund would produce a per-member recovery range of $0.83 to $2.17. Dkt. No. 81 at 12. Such a range places this settlement within the range of possible approval as considered against potential nominal damages of $1 per class member at trial, which would result in classwide damages of between $3.8 million to $10 million. Dkt. No. 81 at 12.

If the parties had proceeded to trial, plaintiffs faced several potentially expensive or time-consuming risks, including contested legal and factual questions, litigation expenses, and dueling expert witnesses. *See* Dkt. No. 81 at 13–14. Given those risks, the Court is satisfied that the proposed settlement falls within the range of possible approval and warrants comment from class members. *Cf. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000); *see also Brazil v. Dell Inc.*, 2012 U.S. Dist. LEXIS 47986 at *3–4 (N.D. Cal. Apr. 4, 2012) (finding $50-per claimant monetary award "a significant benefit for class members given the harm alleged and the potential risks of further litigation"). The Court therefore concludes that the settlement agreement is "fair, reasonable, and adequate," under Rule 23(e)(2).

**D.     The proposed settlement has no obvious deficiencies.**

The Court finds no obvious deficiencies with the proposed settlement.

**III.    The Court grants preliminary approval of the settlement as follows:**

1. Unless otherwise defined herein, all terms, definitions, and phrases used herein shall have the same meanings as set forth in the settlement agreement, Dkt. No. 82-1, Exh. A, Settlement Agreement and Release.

9

United States District Court
Northern District of California

**A.      Preliminary Approval of Settlement and Certification of Settlement Class**

2. The proposed settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class.

3. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in Section 2.39 of the Settlement Agreement and defined as follows, is preliminary certified for the purpose of settlement only. The Settlement Class includes:

> All persons residing in the United States who, at any time during the Settlement Class Period, were younger than 13 years old when they downloaded or otherwise used an application from Google Play and from whom Defendants allegedly collected, used, or disclosed any personal information.

Excluded from the Class are persons who are (1) the defendants, their subsidiaries and affiliates, officers, and directors; (2) the judges to whom this case is or has been assigned and any member of the judges' immediate family; (3) anyone who submits a valid and timely Request for Exclusion and (4) Settlement Class Counsel. *See* Dkt. No. 83 at 4 (defining exclusions in class notice).

4. Plaintiffs are appointed as representatives of the Settlement Class. Lexington Law Group and Silver Golub & Teitell LLP are appointed as Class Counsel to represent the proposed Settlement Class.

5. The Court appoints Kroll Settlement Administration LLC (Kroll) to serve as the settlement administrator. Kroll shall supervise and administer the notice plan, establish and operate the settlement website, administer the claims processes, distribute payments according to the processes and criteria set forth in the settlement agreement, and perform any other administration duties that are reasonably necessary and/or provided for in the settlement agreement.

6. All reasonable costs of notice and costs of administering the settlement shall be paid from the Settlement Fund as contemplated by paragraph 4.7.1 of the settlement agreement.

United States District Court
Northern District of California

**B. Final Settlement Approval**

7. The Court has reviewed the proposed forms of notice attached to the Peak Declaration as Exhibit E. *See* Dkt. No. 83, Exh. E. The Court finds that the proposed form of notice satisfies Federal Rule of Civil Procedure 23(c)(2), Rule 23(e)(1), and due process. Accordingly, the Court hereby approves the proposed notice.

8. **By May 26, 2026**, defendants shall pay or cause to be paid a portion of the settlement fund in an amount sufficient to effectuate the notice plan to the settlement administrator.

9. **By May 31, 2026**, the settlement administrator will disseminate notice to the Settlement Class members consistent with the notice plan.

10. **By June 25, 2026**, plaintiffs shall file their motion for attorneys' fees and costs and/or service awards and their motion for final approval of the proposed class settlement.

11. Settlement class members who wish to make a claim must do so by submitting a claim form online or by mailing a physical claim form to the settlement administrator **no later than September 14, 2026**. The settlement administrator shall determine the eligibility of claims submitted and allocate the settlement funds in accordance with the settlement agreement.

12. Settlement class members who wish to be excluded from the settlement must complete, sign, and submit to the Settlement Administrator a Request for Exclusion by **August 4, 2026, (the Objection/Exclusion Deadline)**. The Request may be submitted electronically on the Settlement Website.

13. Settlement class members who wish to object to the settlement must adhere to the following deadline and procedures:

a. To object, a settlement class member must, **by August 4, 2026**, file an objection with the Clerk of the United States District Court for the Northern District of California, electronically, in person, or by first class mail.

b. Any objecting settlement class member must include with their objection: (i) the objector's name and mailing address and include: (1) a written statement of the objection, as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention; (2) any evidence or other information the

Settlement Class Member wishes to introduce in support of the objection; (3) a statement of whether the Settlement Class Member intends to appear and argue at the Final Approval Hearing; and (4) proof that the objector is a member of the Settlement Class. The objection shall be signed by the objector or the objector's counsel.

14. **A final approval hearing will be held on September 24, 2026, at 10:00 AM, in Courtroom 8 of the United States District Court for the Northern District of California, 280 South 1st Street, San José, California 95113**, to determine whether the requirements for certification of the settlement class have been met; whether the proposed settlement of the action on the terms set forth in the settlement should be approved as fair, reasonable, and adequate, and in the best interest of the settlement class members; whether settlement class counsels' requests for attorneys' fees and costs should be approved; whether requests for service awards to plaintiffs should be approved; whether final judgment approving the settlement and dismissing the action on the merits with prejudice should be entered; and to rule upon such other matters as the Court may deem appropriate. The final approval hearing may, without further notice to the settlement class members, be continued or adjourned by order of the Court.

15. Any response to plaintiffs' motion for final approval and/or motion for attorneys' fees and costs and/or service awards shall be filed by no later than **September 3, 2026.**

16. The parties shall file any replies in support of the motions for final approval and attorneys' fees, costs, and service awards by no later than **September 10, 2026.**

**IT IS SO ORDERED.**

Dated: May 1, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California

12