Patrick Carey (Bar No. 308623)
Mark Todzo (Bar No. 168389)
LEXINGTON LAW GROUP
503 Divisadero Street
San Francisco, California 94105
Telephone: (415) 913-7800
pcarey@lexlawgroup.com
mtodzo@lexlawgroup.com

David S. Golub (pro hac vice forthcoming)
Steven L. Bloch (pro hac vice)
Ian W. Sloss (pro hac vice)
Jennifer Sclar (pro hac vice)
Johnathan Seredynski (pro hac vice)
SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, Connecticut 06901
Telephone: (203) 325-4491
dgolub@sgtlaw.com
isloss@sgtlaw.com
sbloch@sgtlaw.com
jsclar@sgtlaw.com
jseredynski@sgtlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTHERN CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| A.B., a minor, by and through his guardian JEN TURNER, C.D.1, C.D.2, and C.D.3 minors, by and through their guardian KIRENDA JOHNSON, E.F.1, and E.F.2, by and through their guardian BARABRA HAYDEN-SEAMAN, individually and on behalf of all others similarly situated,<br><br>      *Plaintiffs,*<br><br>      v.<br><br>GOOGLE LLC, ADMOB GOOGLE INC., and ADMOB, INC.,<br><br>      *Defendants.* | Civil Case No.: 5:23-cv-03101-PCP<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND APPLICATION FOR SERVICE AWARDS**<br><br>Judge: Hon. P. Casey Pitts<br>Courtroom: Courtroom 8 – 4th Floor<br>Hearing Date: September 24, 2026<br>Hearing Time: 10:00 a.m. PST |

PLS' MOT. FOR ATTYS' FEES AND EXPENSES AND SERVICE AWARDS
CASE NO. 5:23-CV-03101-PCP

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................................ii

NOTICE OF MOTION AND MOTION ............................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 2

I.    INTRODUCTION .................................................................................... 2

II.    ARGUMENT ............................................................................................ 3

A.  Class Counsel's Fee Request is Fair and Reasonable............................................. 3

1.  The Percentage-of-the-Recovery Method Supports the Requested Fees .................... 4

a. Settlement Class Counsel Achieved an Excellent Result for the Settlement Class ....................................................................................... 4

b. The Risks Faced by Settlement Class Counsel and Contingent Nature of the Litigation Support the Requested Fee ................................. 5

c. Settlement Class Counsel Demonstrated Exceptional Skill and Experience and Performed High Quality Work ........................................ 6

d. The Fee Request Is Supported by Awards in Similar Cases ....................................................................................... 7

2.  Class Counsel's Lodestar and Multiplier Confirms that the Requested Fee is Reasonable .................................................................................................. 8

B.  The Requested Expenses are Reasonable and Should be Reimbursed .......................... 11

C.  The Requested Service Awards are Reasonable and Warranted.................................... 11

III.    CONCLUSION.................................................................................................. 13

**TABLE OF AUTHORITIES**

**PAGE(S)**

<u>CASES</u>

*Andrews v. Plains All Am. Pipeline L.P.,*
2022 WL 4453864 (C.D. Cal. Sept. 20, 2022)...………………………………..…....... 7

*Bellinghausen v. Tractor Supply Co.,*
306 F.R.D. 245 (N.D. Cal. 2015)………………………………………….…… 5, 10, 12

*Destefano v. Zynga, Inc.,*
2016 WL 537946 (N.D. Cal. Feb. 11, 2016)……………………………….………. 6,7

*Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.,*
2024 WL 4267431 (C.D. Cal. Sept. 17, 2024)………………………………………….. 8

*Harris v. Marhoefer,*
24 F.3d 16 (9th Cir. 1994)……………………………………………………………... 11

*In re Apple Inc. Device Performance Litig.,*
50 F.4th 769 (9th Cir. 2022)……………………………………………………… 3, 12

*In re Apple Inc. Device Performance Litig.,*
2023 WL 2090981 (N.D. Cal. Feb. 17, 2023)……………………………………….... 6

*In re American Apparel, Inc. S'holder Litig.,*
2014 WL 10212865 (C.D. Cal. July 28, 2014)………………………………………… 7

*In re Bluetooth Headset Prods. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011)………………………………………………………... 3, 8

*In re Facebook, Inc. Consumer Privacy User Profile Litig.,*
2023 WL 8445812 (N.D. Cal. Oct. 10, 2023), *aff'd sub nom.*
*Akins v. Facebook, Inc.,* 2025 WL 484621 (9th Cir. Feb. 13, 2025)………………….....8, 10

*In re Glumetza Antitrust Litig.,*
2022 WL 327707 (N.D. Cal. Feb. 3, 2022)……………………………………….…. 9

*In re Google Location History Litig.,*
2024 WL 1975462 (N.D. Cal. May 3, 2024)…………………………………………... 9

*In re Lidoderm Antitrust Litig.,*
2018 WL 4620695 (N.D. Cal. Sept. 20, 2018)………………………………….. 5, 8, 11

*In re LinkedIn User Privacy Litig.,*
309 F.R.D. 573 (N.D. Cal. 2015)…………………………………………………… 12

Case 5:23-cv-03101-PCP     Document 95     Filed 06/25/26     Page 4 of 18

*In re MacBook Keyboard Litig.,*
     2023 WL 3688452 (N.D. Cal. May 25, 2023)……………………………………………………4, 9

*In re Online DVD-Rental Antitrust Litig.,*
     779 F.3d 934 (9th Cir. 2015)……………………………………………………... 13

*In re PFA Ins. Mktg. Litig.,*
     2024 WL 1145209 (N.D. Cal. Feb. 5, 2024)……………………………………………... 11

*In re TikTok, Inc., Consumer Privacy Litig.,*
     617 F. Supp. 3d 904 (N.D. Ill. 2022)……………………………………………………5, 8

*In re Volkswagen "Clean Diesel" Litig.,*
     2017 WL 1047834 (N.D. Cal. Mar. 17, 2017)…………………………………………….. 9

*Lowery v. Rhapsody Int'l,*
     75 F.4th 985 (9th Cir. 2023)………………………………………………………….. 4

*Oliveira v. Language Line Servs., Inc.,*
     767 F. Supp. 3d 984 (N.D. Cal. 2025)…………………………………………………… 12

*Radcliffe v. Experian Info. Sols., Inc.,*
     715 F.3d 1157 (9th Cir. 2013)…………………………………………………………… 12

*Ramirez v. TransUnion,*
     2022 WL 17722395 (N.D. Cal. Dec. 15, 2022)…………………………………………..... 9

*Rodriguez v. W. Publ'g Corp.,*
     563 F.3d 948 (9th Cir. 2009)…………………………………………………………... 12

*Schneider v. Chipotle Mexican Grill, Inc.,*
     336 F.R.D. 588 (N.D. Cal. 2020)……………………………………………………… 11

*Stetson v. Grissom,*
     821 F.3d 1157 (9th Cir. 2016)…………………………………………………………... 8

*Tanner v. Plavan Com. Fueling, Inc.,*
     2025 WL 2231304 (S.D. Cal. Aug. 4, 2025)…………………………………………..... 10

*T.K. v. Bytedance Tech. Co., Ltd.,*
     2022 WL 888943 (N.D. Ill. Mar. 25, 2022) ……………………………………………...4

*Vizcaino v. Microsoft Corp.,*
     290 F.3d 1043 (9th Cir. 2002)…………………………………………………….......... 3, 4, 5, 8

*Williams v. SuperShuttle Int'l, Inc.,*
     2015 WL 685994 (N.D. Cal. Feb. 12, 2015)...…………………………………..……... 20

PLS' MOT. FOR ATTYS' FEES AND EXPENSES AND SERVICE AWARDS                  iii
CASE NO. 5:23-CV-03101-PCP

*Wolf v. Permanente Medical Group, Inc.,*
    2018 WL 5619801 (N.D. Cal. Sept. 14, 2018)……………………………………………… 10

**Statutes**

Children's Online Privacy Protection Act,
    15 U.S.C. § 6501 et seq…………………………………………………………………. 2

**Rules**

Federal Rule of Civil Procedure 23(h)…………………………………………………… 3

## NOTICE OF MOTION AND MOTION

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 24, 2026 at 10:00 am PST, in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs A.B., by and through his guardian Jen Turner, C.D.1, C.D.2, and C.D.3, by and through their guardian Kirenda Johnson, E.F.1, and E.F.2, by and through their guardian Barbara Hayden-Seaman ("Plaintiffs"), will and hereby do respectfully move the Court an award of attorneys' fees and expenses to Settlement Class Counsel and service awards to the respective Guardians Ad Litem for the Settlement Class Representatives.

Plaintiffs' motion is based upon this Notice, the accompanying Memorandum of Points and Authorities in support, the Declarations of Ian W. Sloss ("Sloss Decl.") and Patrick Carey ("Carey Decl.") in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses and all exhibits thereto, the Declaration of Ian W. Sloss in support of Plaintiffs' Motion for Preliminary Approval (Dkt. No. 82), the papers to be filed in support of Plaintiffs' Motion for Final Approval, the pleadings and records on file in this Action, the Proposed Order Granting Class Counsel's Motion for Attorneys' Fees and Expenses and Plaintiffs' Application, and such other matters as may be presented at or before the hearing.

## STATEMENT OF ISSUES TO BE DECIDED

The issues to be decided on this Motion are:

1. Whether the Court should award Settlement Class Counsel attorneys' fees totaling $2,475,000, which represents 30% of the Gross Settlement Amount, in light of the significant efforts they undertook to prosecute the action;

2. Whether the Court should award a payment of $59,772.36 as reimbursement for the costs and expenses incurred by Settlement Class Counsel in prosecuting the action; and

3. Whether the Court should grant service awards to the Guardians *Ad Litem* for the Settlement Class Representatives of $500 each, in the total amount of $1,500, for their efforts in pursuing the action on behalf of the Settlement Class Representatives and representing the interests of the Settlement Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

After over two years of litigation, Class Counsel through their efforts have secured a settlement in this action arising of out Google's alleged privacy violations based on the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6501 *et seq.*, that provides meaningful compensation to Settlement Class Members who choose to participate and has advanced the value of alleged COPPA-violation-based claims. The $8,250,000 cash payment by Defendants Google LLC and AdMob Google, Inc. (together, "Google") constitutes a significant recovery (Dkt. No. 91 at 8–9), and Settlement Class Members could receive between $40 to $200 each, before deducting for notice and administration costs, taxes, attorneys' fees and expenses and service awards, depending on the number of claims submitted. *See* Dkt. No. 81 at 22. This is an excellent result for a case involving data-privacy violations.

Settlement Class Counsel faced a formidable opponent in Google, one of the largest and most sophisticated and profitable technology companies in the world with substantial resources, which it deployed throughout this action, represented by Wilson Sonsini Goodrich & Rosati. The risks involved in litigating an action of this complexity and scope, combined with the time and labor invested in the prosecution of the case and the quality of that prosecution, support a fee award above the Ninth Circuit's "presumptively reasonable" benchmark of 25%. Settlement Class Counsel have spent 1,651.8 hours over the course of prosecuting the action and have a lodestar of $2,010,284.50. This action was efficiently prosecuted, and the hourly rates and hours committed are objectively reasonable. This is confirmed by a lodestar check: a 30% fee award reflects a modest 1.23 multiplier,[1] well within the range of reasonableness, particularly when compared to awards in comparable cases. The contingent nature of this case independently warrants a multiplier.

---

[1] As set forth in their Motion for Preliminary Approval, Plaintiffs calculated their lodestar and multiplier using Plaintiffs' counsel's 2025 hourly rates. *See* Preliminary Approval Motion at n.4. Plaintiffs further noted that applying counsel's 2026 rates would yield a higher lodestar and a correspondingly lower multiplier. *See id.* In their Motion for Attorneys' Fees and Expenses and Application for Service Awards, Plaintiffs calculate the lodestar and multiplier using current 2026 rates. The application of the current rates, together with additional time reasonably incurred, results in a higher lodestar and lower multiplier than those set forth in the Motion for Preliminary Approval.

Settlement Class Counsel expended significant attorney time and costs without any guarantee of recovery.

Having litigated this case on a purely contingent basis, Settlement Class Counsel now seek to be fairly compensated for the significant results they have achieved for the Settlement Class, for the risks they undertook in litigating this case for the Settlement Class, and for the fact that Settlement Class Counsel have not been paid for their work over that period. The $8,250,000 cash fund to compensate the Settlement Class Members is an excellent result. Settlement Class Counsel satisfy all factors considered by courts in the Ninth Circuit in determining an award of attorneys' fees. On this record, and in light of the significant results achieved, the attorneys' fees requested are warranted. fees. Settlement Class Counsel also seeks reimbursement of their necessary and reasonable litigation costs and expenses of $59,772.36 and Service Awards of $500 each to the Settlement Class Representatives' Guardians Ad Litem predicated on their work on behalf of the Settlement Class Representatives in pursuing this action and representing the interests of the Settlement Class for a total of $1,500.

For the reasons set forth below, Plaintiffs' motion for an award of $2,475,000 in attorneys' fees and reimbursement of $59,772.36 in expenses, and services awards in the amount of $500 for each of the Settlement Class Representatives' three guardians ad litem, should be granted.

## II.    ARGUMENT

### A.  Class Counsel's Fee Request is Fair and Reasonable

Under Rule 23(h), the Court's role is to determine whether the requested fee is "reasonable." Fed. R. Civ. P. 23(h). The Ninth Circuit recognizes two ways of assessing requests for attorneys' fees in common fund cases: the percentage-of-the-recovery method and the lodestar method. *In re Apple Inc. Device Performance Litig.,* 50 F.4th 769, 784 (9th Cir. 2022); *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002). District courts have discretion concerning which method to apply in a particular case. *In re Apple Inc. Device,* 50 F.4th at 784. Because the benefit to the Settlement Class here, like other common fund settlements, is easily quantified, the percentage-of-recovery method is appropriate. *See In re Bluetooth Headset Prods. Liab. Litig.,* 654 F.3d 935, 942 (9th Cir. 2011).

**1.   The Percentage-of-the-Recovery Method Supports the Requested Fees**

The Ninth Circuit recognizes that a fee award of 25% is presumptively reasonable. *Vizcaino*, 290 F. 3d at 1047. However, 25% is not a cap. *See In re MacBook Keyboard Litig.,* No. 5:18-CV-02813-EJD, 2023 WL 3688452, at *13 (N.D. Cal. May 25, 2023) ("in common fund cases, awards generally range from 20-30% . . . of the recovery"). Courts consider several factors when determining whether to award more than the 25% benchmark, including (1) the result achieved; (2) the risk involved in the litigation; (3) the contingent nature of the fee; (4) the skill required and quality of work by counsel; and (5) awards made in similar cases. *Vizcaino,* 290 F.3d at 1048-50. Each of these factors weigh in favor of a 30% fee award to Settlement Class Counsel here.

**a.   Settlement Class Counsel Achieved an Excellent Result for the Settlement Class**

"The touchstone for determining the reasonableness of attorneys' fees in a class action is the benefit to the class." *Lowery v. Rhapsody Int'l,* 75 F.4th 985, 988 (9th Cir. 2023). After over two years of litigation, Settlement Class Counsel negotiated a cash fund of $8,250,000 that significantly benefits the Settlement Class and provides immediate relief to Settlement Class Members. Based on the expected claims rate, Settlement Class Members could receive between $40 and $200 each (before deducting for settlement costs, fees, expenses and service awards), depending upon the number of valid claims. Dkt. No. 81 at 22. Comparable settlements involve recovery amounts akin to the settlement here. For example, the settlement in *T.K. v. Bytedance Tech. Co., Ltd.,* 2022 WL 888943 (N.D. Ill. Mar. 25, 2022), provided a projected per-member recovery of $0.18 and actual recovery of $3.06. *Id.* at *12. Similarly, in *Hubbard v. Google*, the recovery range was between $0.67 and $0.86. *See* ECF No. 5:19-cv-07016-SVK, Dkt. Nos. 333, 341, 346 (N.D. Cal. 2025). Here, Plaintiffs estimate a per person recovery range of $0.83 to $2.17. Dkt. No. 81 at 12. As the Court found in granting preliminary approval, such a range places this $8.25 million settlement "within the range of possible approval as considered against potential nominal damages of $1 per class member at trial, which would result in classwide damages of between $3.8 million to $10 million." Dkt. No. 91 at 9. This also falls well within the range of reasonableness in light of the

risks and costs of litigation. *See* Dkt. No. 81 at 11–15; Dkt. No. 91 at 9. The resultant benefits of the Settlement support the enhanced 30% fee award.

### b.  The Risks Faced by Settlement Class Counsel and Contingent Nature of the Litigation Support the Requested Fee

Settlement Class Counsel litigated this action on a fully contingent basis, devoting significant money, resources, and time, and bore the risk of non-recovery. *See* Sloss Decl. ¶¶ 6–18, Ex. A; Carey Decl. ¶¶ 6–15, Ex. A. "When counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of nonpayment . . . justifies a significant fee award." *Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245, 261 (N.D. Cal. 2015); *see In re Lidoderm Antitrust Litig.,* No. 14-md-02521-WHO, 2018 WL 4620695, at *3 (N.D. Cal. Sept. 20, 2018) ("the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk" of non-payment).

Settlement Class Counsel litigated this action with no guarantee of compensation. The subject matter of the action was novel, not only involving complex technical issues surrounding Google's alleged collection and monetization of children's personal information and user data, but also a relatively undeveloped and complex body of law, forging precedential ground in establishing the application of state privacy (and other) laws to ensure the protection of young children and their online activity in private actions. Thus, there was considerable risk in bringing this action. *See In re TikTok, Inc., Consumer Priv. Litig.,* 617 F. Supp. 3d 904, 941 (N.D. Ill. 2022) ("[d]ata privacy law is a relatively undeveloped and technically complex body of law, which creates uncertainty and, therefore, additional risk for Class Counsel.").

In addition to putting their time, money, and effort at risk, Settlement Class Counsel spent $59,772.36 on experts and other litigation expenses without any guarantee of reimbursement. Sloss Decl. ¶¶ 17-18, Ex. B; Carey Decl. ¶¶ 15-16, Ex; B; *see also Vizcaino*, 290 F.3d at 1050 (finding that the litigation entailed "hundreds of thousands of dollars of expense" was a relevant consideration supporting an upward adjustment). The potential that Settlement Class Counsel would receive nothing for their work and efforts supports approval of their requested fee. *See In re Washington Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1299 (9th Cir. 1994) ("It is an

established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.").

In its Preliminary Approval Order, the Court recognized the litigation risks, noting that absent settlement, Plaintiffs faced several potentially expensive or time-consuming risks, including contested legal and factual questions, litigation expenses, and dueling expert witnesses. Dkt. No. 91 at 9. Ninth Circuit courts have found that there are considerable risks related to obtaining class certification, surviving summary judgment, prevailing at trial, and withstanding a potential appeal, particularly where the subject matter of the action is novel or underdeveloped, as is the case here. *See In re Apple Inc. Device Performance Litig.,* No. 18-md-02827-EJD, 2023 WL 2090981, at *14 (N.D. Cal. Feb. 17, 2023), *appeal dismissed,* No. 23-15416, 2023 WL 10447843 (9th Cir. Aug. 8, 2023) (plaintiffs "faced risks attendant to prosecuting a case with relatively unique subject matter involving application of statutory computer intrusion and common law trespass to chattels to iPhone devices"); *Destefano v. Zynga, Inc.,* No. 12-cv-04007-JSC, 2016 WL 537946, at *17 (N.D. Cal. Feb. 11, 2016) (noting the "substantial" risk associated with "obtaining [and maintaining] class certification"). Given the risks that existed from the outset and the likelihood of protracted litigation, the Settlement is an excellent outcome for the Settlement Class Members, who have the opportunity now to share in the Settlement Fund and obtain "a significant, easy-to obtain benefit" through automatic monetary payments. *See In re Haier Freezer Consumer Litig.,* No. 5:11-CV-02911-EJD, 2013 WL 2237890, at *4 (N.D. Cal. 2013). The risk of little or no recovery, together with the complexity of the case and likelihood of significant additional expense and delay, weighs in favor of granting the requested fee.

### c. Settlement Class Counsel Demonstrated Exceptional Skill and Experience and Performed High Quality Work

Given the risks inherent in this action, the novelty of the issues, and the caliber of Google's counsel, prosecuting this action required exceptional skill and perseverance by Class Counsel. Google has vigorously contested this action from the outset. By the time the parties began discussing the Settlement, Settlement Class Counsel had guided three guardians ad litem, acting on

behalf of their six minor Plaintiffs, through the discovery demands from Google, reviewed and analyzed discovery responses and documents and data produced by Google, retained experts who provided expert analysis on technical and damages issues, and provided discovery for the Plaintiffs. Sloss Decl. ¶ 5. Further, Settlement Class Counsel were preparing for depositions and class certification briefing, researching and analyzing the claims to withstand further scrutiny, and analyzing discovery materials in consultation with technical, privacy, and damages experts to support class certification at the time the mediation was schedule. Dkt. No. 91 at 7. This work set the stage for Settlement Class Counsel to successfully mediate this action.

The case history demonstrates that Settlement Class Counsel prosecuted this case with skill and expertise and obtained an excellent recovery for the Settlement Class. Further, Settlement Class Counsel achieved this result despite the formidable opposition they faced from Google and its counsel throughout the case. *See Destefano,* 2016 WL 537946, at *17 ("The quality of opposing counsel is also relevant to the quality and skill that class counsel provided."); *Lofton v. Verizon Wireless,* No. C 13-05665 YGR, 2016 WL 7985253, at *1 (N.D. Cal. May 27, 2016) (the "risks of class litigation against an able defendant well able to defend itself vigorously" support an upward adjustment). Settlement Class Counsel achieved this excellent result against attorneys who, unlike Class Counsel, were not operating on a contingency fee basis and benefited from the significant financial resources of their client. *See Andrews v. Plains All Am. Pipeline L.P.,* No. CV 15-4113 PSG (JEMx) 2022 WL 4453864, at *3 (C.D. Cal. Sept. 20, 2022) ("[E]specially when considering that Defendants were represented by a prominent litigation firm, Class Counsel's ability to get the case this far along evinces their high quality of work."); *In re American Apparel, Inc. S'holder Litig.,* No. 10 Civ. 6352, 2014 WL 10212865, at *22 (C.D. Cal. July 28, 2014) ("In addition to the difficulty of the legal and factual issues raised, the court should also consider the quality of opposing counsel as a measure of the skill required to litigate the case successfully."). These considerations support the requested fee award.

### d. The Fee Request Is Supported by Awards in Similar Cases

Courts in this Circuit grant fee requests exceeding the 25% benchmark where, as here, the circumstances warrant it. *See, e.g., C.H. by & through Hubbard v. Google LLC,* No. 5:19-CV-

07016-SVK, 2026 WL 92062 (N.D. Cal. Jan. 13, 2026) (awarding 30% of the settlement fund in COPPA case against Google); *In re TikTok,* 617 F. Supp. 3d at 942 (awarding 33% of settlement after three years of litigation, recognizing that "[t]he need to provide financial incentives for zealous and effective representation of consumers in legally and technologically complex data privacy cases such as this…"); *In re Lidoderm,* 2018 WL 4620695, at *1 (awarding one-third of settlement); *Grey Fox, LLC v. Plains All-Am. Pipeline, L.P.,* No. CV 16-03157 PSG (JEMx), 2024 WL 4267431 (C.D. Cal. Sept. 17, 2024) (awarding 33% of the $70 million settlement as attorney fees noting that the litigation had extensive discovery and counsel faced significant risks litigating unprecedented issues).

### 2. Class Counsel's Lodestar and Multiplier Confirms that the Requested Fee is Reasonable

The Ninth Circuit has explained that courts may consider class counsel's lodestar to "provide[] a check on the reasonableness of the percentage award." *Vizcaino,* 290 F.3d at 1050. "There is a strong presumption that the lodestar is a reasonable fee." *Stetson v. Grissom,* 821 F.3d 1157, 1165 (9th Cir. 2016). The lodestar is calculated by multiplying the hours reasonably spent by reasonable hourly rates. *Bluetooth,* 654 F.3d at 941.

As set forth in Plaintiffs' Motion for Preliminary Approval, Plaintiffs' counsel's total hours as of January 13, 2026 were 1,344. *See* Dkt. No. 81 at 7. At that time, the lodestar—calculated using its 2025 hourly rates—was $1,195,989.50. *Id.* at 16. As Plaintiffs noted, applying counsel's 2026 rates would result in a higher lodestar and a correspondingly lower multiplier. *See id.* at n.4. The application of the current rates, together with additional time reasonably incurred, results in a higher lodestar and lower multiplier than those set forth in the Motion for Preliminary Approval. The lodestar does not include charges for expense items. Based on Settlement Class Counsel's total hours in this action to date, calculated using their current 2026 rates, their combined lodestar is $2,010,284.50. *See* Sloss Decl., Ex. A; Carey Decl., Ex. A.

This action was actively litigated and, as demonstrated in the accompanying declarations, a significant portion of time in this litigation involved complex motion practice and court hearings before this Court, analysis and strategy, discovery, consultation with experts, and settlement – all of

which was reasonable and necessary to achieve the results. Sloss Decl. ¶¶ 5, 12, 18–19; Carey Decl. ¶¶ 5, 10, 16–17. *See In re Facebook, Inc. Consumer Privacy User Profile Litig.,* 2023 WL 8445812, at *1-2 (N.D. Cal. Oct. 10, 2023). Further, the time set forth in the Sloss and Carey Declarations does not include the significant number of hours Settlement Class Counsel will spend after June 25, 2026 completing the briefing in support of final approval of the Settlement, communicating with the Settlement Class, preparing for and attending the Final Approval hearing on September 24, 2026, and administering the Settlement, assuming it is approved by the Court.

Class Counsel's requested rates reflect their breadth of experience and are in line with those billed by attorneys who practice complex litigation. *See* Sloss Decl., ¶¶ 3–5, 13–15, Ex. A; Carey Decl., ¶¶ 3–5, 11–13, Ex. A. These rates are consistent with rates approved in complex class actions throughout this District. *See In re Volkswagen "Clean Diesel" Mktg., Sales Prac., & Prods. Liab. Litig.,* 2017 WL 1047834, at *5 (N.D. Cal. Mar. 17, 2017) (approving rates of $275 to $1600 for partners, $150 to $790 for associates, and $80 to $490 for paralegals); *Barrett v. Apple Inc.,* 2025 WL 1002786 (N.D. Cal. Apr. 3, 2025) (granting motion for attorneys' fees where hourly rates charged by attorneys range from $500 to $1,545); *In re JUUL Labs, Inc., Mktg., Sales Prac. & Prod. Liab. Litig.,* 2023 WL 11820531, at *2 (N.D. Cal. Dec. 18, 2023) (approving rates ranging from $300 to $1,050 for attorneys); *In re MacBook,* 2023 WL 3688452, at *15 (approving partner rates up to $1,195, associate rates up to $850, $425 for contract attorneys, and $325 for paralegals); *Ramirez v. TransUnion,* 2022 WL 17722395, at *9 (N.D. Cal. Dec. 15, 2022) (finding hourly rates ranging from $1,325 to $455 to be "generally in line with rates prevailing in this community for similar services by lawyers of reasonably comparable skill, experience and reputation"); *In re Glumetza Antitrust Litig.,* 2022 WL 327707, at *8 (N.D. Cal. Feb. 3, 2022) (approving attorney rates between $300 and $1,105); *In re Google Location Hist. Litig.*, 2024 WL 1975462, at *15 (N.D. Cal. May. 3, 2024) (approving hourly rates from $550 to $1,300 for partners, $420 to $710 for associates, and $535 for paralegals); *Harbour v. California Health & Wellness Plan*, 2024 WL 171192, at *8 (N.D. Cal. Jan. 16, 2024) (finding rates ranging from $425 to $1,200 to be reasonable in a data breach case).

Notably, the requested fee award of $2,475,000 would represent a fee slightly above Class Counsel's lodestar of $2,010,284.50 (Sloss Decl. ¶ 7, Ex. A; Carey Decl. ¶ 7, Ex. A), and constitute a multiplier of 1.23.[2] This modest multiplier is reasonable given (1) the complex subject matter at issue; (2) the skilled representation Settlement Class Counsel provided in prosecuting this action; (3) the excellent results obtained, resulting in a settlement that will provide significant monetary relief to those Settlement Class Members impacted by Google' alleged privacy violations; and (4) the substantial risks Settlement Class Counsel undertook in representing Plaintiffs on a contingency fee basis, thereby risking potential non-payment. These risks were magnified given the litigant – Google – and its counsel. Further, the multiplier falls at or below the typical range of reasonableness, and multipliers in this range have previously been found to be appropriate. *See, e.g., In re Facebook, Inc. Consumer Priv. User Profile Litig.,* No. 3:18-MD-02843-VC, 2023 WL 8445812, at *1 (N.D. Cal. Oct. 10, 2023) (fee awarded based on multiplier of 1.99 on total hours billed in consumer privacy case)*, aff'd sub nom. Akins v. Facebook, Inc.,* No. 23-3550, 2025 WL 484621 (9th Cir. Feb. 13, 2025); *In re Google Referrer Header Priv. Litig.,* No. 5:10-CV-04809-EJD, 2023 WL 6812545, at *10 (N.D. Cal. Oct. 16, 2023) (approving multiplier of 1.85 in an internet privacy case). *Tanner v. Plavan Com. Fueling, Inc.,* 2025 WL 2231304, at *6 (S.D. Cal. Aug. 4, 2025) (in data breach class action, finding appropriate a multiplier of 2.29, calculated prior to hours billed in connection with preparing motion for final approval); *In re Wells Fargo & Co. S'holder Litig.,* 445 F. Supp. 3d 508, 532 (N.D. Cal. Apr. 7, 2020) (finding a 2.7 multiplier reasonable); *Bellinghausen,* 306 F.R.D. at 265 (finding a 1.49 multiplier reasonable).

Thus, a lodestar check also confirms that the requested fees are reasonable and appropriate in light of the time and effort expended and the results obtained. *See Wolf v. Permanente Medical Group, Inc.,* 2018 WL 5619801, at *2 (N.D. Cal. Sept. 14, 2018) (citing cases and noting that

---

[2] Even the multiplier set forth in the Motion for Preliminary Approval, calculated using 2025 hourly rates, was reasonable under this District's standards. *See* Dkt. No. 81 at 16 ("The amount sought—no more than $2,475,000—represents a multiplier of approximately 2.02 on Plaintiffs' counsels' lodestar of $1,195,989.50, based on more than 1,344 hours worked to date on the litigation.").

multiplier of 2.75 to 3.0 "falls within the range of fee multipliers courts routinely approve" in this Circuit).

### B.  The Requested Expenses are Reasonable and Should be Reimbursed

Settlement Class Counsel also requests reimbursement of $59,772.36 in litigation expenses. *See* Sloss Decl. ¶ 17, Ex. B; Carey Decl. ¶ 15, Ex. B. In common fund cases "[c]lass counsel is entitled to reimbursement of reasonable expenses." *In re Lidoderm,* 2018 WL 4620695, at *4 (quotation omitted); *see also Schneider v. Chipotle Mexican Grill, Inc.,* 336 F.R.D. 588 (N.D. Cal. 2020) ("Class Counsel is entitled to recover those out-of-pocket expenses that would normally be charged to a fee-paying client"); *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters); *In re PFA Ins. Mktg. Litig.,* 2024 WL 1145209, at *25 (N.D. Cal. Feb. 5, 2024) (awarding costs for travel expenses, research, court filing fees, transcripts and court reporters, mediation expenses, experts, and document review expenses). "The prevailing view is that expenses are awarded in addition to the fee percentage." *Williams v. SuperShuttle Int'l, Inc.,* No. 12-CV-06493-WHO, 2015 WL 685994, at *2 (N.D. Cal. Feb. 12, 2015).

The requested reimbursement includes the costs to retain experts ($26,429) and the mediator ($12,750), accounting for 65.5% of the total expenses. *See* Sloss Decl. ¶ 17, Ex. B. Other significant expenses include court filings and litigation-related travel and lodging. *Id*.; Carey Decl., Ex. B. Because the expenses were reasonably incurred in the prosecution of this action, Settlement Class Counsel respectfully requests that the Court fully reimburse their expenses. *See In re LendingClub Sec. Litig.,* No. 16 Civ. 02627, 2018 WL 4586669, at *3 (N.D. Cal. Sept. 24, 2018) (expenses such as expert and consultant fees, court fees, travel and lodging costs, legal research fees, and copying expenses were reasonable and recoverable).

### C.  The Requested Service Awards are Reasonable and Warranted

Finally, Settlement Class Counsel respectfully request that Court authorize service awards of $500 each to the three guardians *ad litem* who served on behalf of their six minor Plaintiffs and Settlement Class Representatives in pursuing this action and representing the interests of the Settlement Class. The Ninth Circuit has "held that reasonable incentive awards to class

representatives are permitted." *In re Apple Inc. Device Performance Litig.,* 50 F.4t h 769 785-87 (9th Cir. 2022) (quotations marks and citations omitted). Indeed, service awards are "fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 958 (9th Cir. 2009). They "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958–59. Put simply, they function as "payments to class representatives for their service to the class in bringing the lawsuit." *Radcliffe v. Experian Info. Sols., Inc.,* 715 F.3d 1157, 1163 (9th Cir. 2013).

The requested service awards to Plaintiffs' three guardians *ad litem* are fair, reasonable, and adequate. Each of Plaintiffs' guardians *ad litem* played a pivotal role in litigating this case: they have provided Plaintiffs' counsel with necessary factual information, responded to Defendants' discovery, remained informed during all stages of the litigation, and are aware of their duties and obligations as Settlement Class Representatives. *See* Dkt. No. 82 at ¶ 30. Throughout this action, each ensured the interests of Settlement Class Members were protected and, when considering the Settlement, ensured that Settlement Class obtained meaningful relief. *Id.*

The requested service awards are consistent with the Ninth Circuit practice and even lower on a per capita basis. *See Oliveira v. Language Line Servs., Inc.,* 767 F. Supp. 3d 984, 1008 (N.D. Cal. 2025) ("Service awards in the Northern District of California commonly range from $2,000 to $10,000.") (quoting *Bellinghausen v. Tractor Supply Co.,* 306 F.R.D. 245, 267 (N.D. Cal. 2015); *In re Linkedin User Priv. Litig.,* 309 F.R.D. 573, 592 (N.D. Cal. 2015) (incentive award of up to $5,000 is "presumptively reasonable"); *Katz-Lacabe v. Oracle Am., Inc.,* No. 3:22-CV-04792-RS, 2024 WL 4804974, at *6 (N.D. Cal. Nov. 15, 2024) (finding the requested service awards of $10,000 each to class representatives is reasonable); *Gaston v. FabFitFun, Inc.,* No. 2:20-CV-09534-RGK-E, 2021 WL 3362028, at *9 (C.D. Cal. Apr. 2, 2021) (same).

In addition, if approved by the Court, the total of the service awards will be $1,500, which is 0.0182% of the Settlement Fund, a ratio that falls well below the range of what has been deemed to be reasonable. *See, e.g., In re Online DVD-Rental Antitrust Litigation,* 779 F.3d 934, 948 (9th Cir.

2015) (finding incentive awards which made up "a mere .17% of the total settlement fund of $27,250,000" reasonable).

## III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court (1) approve Class Counsel's request for attorneys' fees in the amount of $2,475,000 (30% of $8,250,000) and reimbursement of expenses in the amount of $59,772.36 and (2) approve Service Awards to Plaintiffs' guardians ad litem in the amount of $500 each, totaling $1,500, together with such other and further relief the Court deems proper.

DATED: June 25, 2026                    Respectfully submitted,


By: */s/ Ian W. Sloss*
    David S. Golub (pro hac vice forthcoming)
    Steven L. Bloch (pro hac vice)
    Ian W. Sloss (pro hac vice)
    Jennifer Sclar (pro hac vice)
    Johnathan Seredynski (pro hac vice)
    SILVER GOLUB & TEITELL
    One Landmark Square, 15th Floor
    Stamford, Connecticut 06901
    Telephone: (203) 325-4491
    isloss@sgtlaw.com
    sbloch@sgtlaw.com
    jsclar@sgtlaw.com
    jseredynski@sgtlaw.com

    Patrick Carey (Bar No. 30862)
    Mark Todzo (Bar No. 168389)
    LEXINGTON LAW GROUP
    503 Divisadero Street
    San Francisco, California 94105
    Telephone: (415) 913-7800
    pcarey@lexlawgroup.com
    mtodzo@lexlawgroup.com

    *Attorneys for Plaintiffs and the Proposed Class Class*