UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., A MINOR, BY AND THROUGH HIS GUARDIAN JEN TURNER, et al.,<br>Plaintiffs,<br>v.<br>GOOGLE LLC, et al.,<br>Defendants. | Case No. 23-cv-03101-PCP<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 94 |

Before the Court is plaintiffs' unopposed motion for final settlement approval. For the following reasons, the Court grants the motion.

Plaintiffs A.B., by and through his guardian Jen Turner, C.D.1, C.D.2, and C.D.3, by and through their guardian Kirenda Johnson, E.F.1, and E.F.2, and by and through their guardian Barbara Hayden-Seaman (the "Settlement Class Representatives") and Defendants Google LLC and AdMob Google, Inc. ("Google"), entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on January 13, 2026. Dkt. No. 82-1. Together with the exhibits and appendices thereto, the Settlement Agreement sets forth the terms and conditions for a proposed resolution of this action and for its dismissal with prejudice.

On May 1, 2026, the Court provisionally certified the following class under Federal Rule of Civil Procedure 23 for settlement purposes only:

> All Persons residing in the United States who, at any time during the Settlement Class Period, were younger than 13 years old when they downloaded or otherwise used an application from Google Play and from whom Defendants allegedly collected, used, or disclosed any personal information from April 1, 2015, to present.

(the "Settlement Class"). Dkt. No. 91. The Court preliminarily determined that the Settlement Class

United States District Court
Northern District of California

meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and class counsel are adequate representatives of the Settlement Class. *Id.* at 9–10. The Court also granted preliminary approval of the settlement, preliminarily finding that the settlement is fair, reasonable, and adequate; ordered notice to absent class members through a comprehensive media plan; and provided absent class members with an opportunity either to exclude themselves from the settlement class or to object to the settlement. *Id.*

Plaintiffs subsequently moved for final approval of the settlement. The Court held a hearing on the motion on September 24, 2026. The Court has considered the Settlement Agreement, the record in this action, and the Parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS**:

## I. Notice, Class Certification, and Class Representation

1. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's order granting preliminary approval of the settlement, Dkt. No. 91.

2. This Court has jurisdiction over the subject matter of the litigation and over all parties to the litigation, including all members of the Settlement Class.

3. The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all settlement class members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4. The Court confirms the finding in its preliminary approval order and finds that, for purposes of the settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. Accordingly, the Court certifies the Settlement Class defined above for settlement purposes only. Excluded from the Settlement Class are (i) defendants, their subsidiaries and affiliates, officers, and directors; (ii) judge(s) to whom these cases are or have been assigned and any member of the judge's or judges' immediate family; (iii) persons who submit a valid and timely request for exclusion pursuant to Section 8 of the Settlement Agreement; and (iv) settlement class counsel.

United States District Court
Northern District of California

5. The Court confirms its previous appointment of the plaintiffs, by and through their guardians *ad litem*, as Settlement Class representatives. The Court finds that the Settlement Class representatives, by and through their guardians *ad litem*, have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class.

6. The Court confirms its previous appointment of Silver Golub & Teitell LLP and Lexington Law Group, LLP as Settlement Class counsel representing the Settlement Class under Federal Rule of Civil Procedure 23(g). The Court finds that Settlement Class counsel have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class.

7. The Court confirms its previous appointment of Kroll Settlement Administration LLC to serve as the settlement administrator and finds it thus far has fulfilled its duties under the Settlement. The Court orders that the settlement administrator be paid in accordance with the Settlement Agreement.

8. Pursuant to Federal Rule of Civil Procedure 23(e), the Court reaffirms its findings in its preliminary approval order and, further analyzing the factors under Rule 23(e) and in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026–27 (9th Cir. 1998), hereby grants final approval of the settlement and finds that the settlement is fair, reasonable, and adequate and in the best interests of the settlement class members based on the following factors, among other things:

a. The settlement was reached only after over two years of litigation in which the parties' interests were represented by seasoned counsel and reflects the parties' informed knowledge of the strengths and weaknesses of their claims and defenses and the value of the claims, and the settlement was reached as a result of extensive arm's length negotiations and mediation sessions with a respected mediator. *See, e.g.*, *Satchell v. Fed. Express Corp.*, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). While noting the mediator's presence, the Court has also performed

United States District Court
Northern District of California

its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).

b. The settlement provides meaningful and immediate relief to the Settlement Class, given the complexity, expense, and length of continued litigation, and the substantial risks plaintiffs faced in litigating the claims asserted to a favorable result and in obtaining and maintaining certification of a litigation class. *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Lilly v. Jamba Juice Co*., 2015 WL 2062858, at *5 (N.D. Cal. March 18, 2015) (similar). Settlement Class counsel and the Court have carefully evaluated those strengths and weaknesses. Dkt. No. 91 at 7. Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties have developed a sufficient factual record with which to evaluate their chances of success at trial and the proposed settlement. The difficulties and risks plaintiffs faced in litigating weigh in favor of approving the settlement. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

c. The $8.25 million settlement fund provides substantial benefits for the class in light of the range of possible recoveries, especially in comparison to the risks of the litigation. *See In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015). As set forth in the Preliminary Approval Order, the $8,250,000 cash fund constitutes a significant recovery as compared to other Children's Online Privacy Protection Act cases. Based on an estimated class size of 3.8 to 10 million members, plaintiffs estimate that the settlement fund would produce a per-member recovery range of $0.83 to $2.17. Dkt. Nos. 91 at 9, 94 at 13. Based on the expected claims rate, plaintiffs originally estimated that class members would receive between $40 and $110 each, before deducting for settlement costs, fees, expenses and service awards. *Id.* at 3. In their reply in support of final approval, plaintiffs report a total of 656,974

United States District Court
Northern District of California

claims. Dkt. No. 96, at 1. If all claims are valid, that would yield a recovery of $12.55 per claim, lower than the initial estimate. Nonetheless, this potential recovery rate would still be in line with approved settlements in comparable data privacy class actions. *See, e.g.*, *In re Linkedin User Priv. Litig.*, 309 F.R.D. at 588 (collecting cases and approving settlement in data privacy class action with $14.81 payout per claim); *Sankar v. Cal. Northstate Univ., LLC*, No. 2:24-CV-00473, 2025 WL 3539089, at *11 (E.D. Cal. Dec. 10, 2025) (collecting cases and observing that average recovery of $20.62 "is significant as compared to other privacy class settlements"). Given the risks and costs of litigation, this recovery still falls within the range of reasonableness and weighs in favor of approval.

d. Settlement Class Counsel had sufficient information to make an informed decision about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Plaintiffs were able to reach this Settlement only after the parties conducted discovery, briefed Defendants' motion to dismiss, and were preparing for depositions and the class certification phase of the case. Through this process, the parties received, examined, and analyzed information, documents, and materials that sufficiently enabled them to assess the likelihood of success on the merits. This factor weighs in favor of approval of the Settlement. *See Destefano v. Zynga, Inc.*, 2016 WL 537946, at *12 (N.D. Cal. Feb. 11, 2016) (finding this factor weighed in favor of approval where parties engaged in pre-filing investigation, motion to dismiss briefing, discovery, and mediation).

e. The Court previously evaluated Settlement Class counsels' qualifications and experience and found that Settlement Class counsel have adequately represented the Settlement Class in this matter. Dkt. No. 91 at 6. In addition, the Court found that Settlement Class counsel supports the settlement as a fair, reasonable, and adequate outcome. *See id.* at 7–8. The record demonstrates that Settlement Class counsel engaged in settlement discussions with Google only after significant motion practice and discovery, and only after adequately assessing the risks of continuing the

litigation. Settlement Class counsels' endorsement thus weighs in favor of approving the settlement.

f. Class notice was implemented in accordance with the Notice Plan approved by the Court, and settlement class members were informed of the requirements to object to or exclude themselves from the settlement. The objection and exclusion deadline was August 4, 2026. There have been no objections and only twenty-one (21) timely exclusions. *See* Supplemental Declaration of Elias Rose of Kroll Settlement Administration LLC in connection with Final Approval of Settlement ("Rose Decl."), Dkt. No. 97, at ¶¶ 6–7. This indicates strong support among settlement class members and weighs in favor of approval. *See, e.g.*, *Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement where 45 of approximately 90,000 objected). In addition, as of September 8, 2026, a total of 656,974 claims have been received by the settlement administrator (Rose Decl. at ¶ 5), which, in relation to the lack of objections and exclusions, likewise weighs in favor of approving the Settlement.

g. The Court also reaffirms its finding that the settlement does not provide preferential treatment to any settlement class member. Dkt. No. 91 at 8 (citing *Lopez v. Bank of Am., N.A.*, 2015 WL 5064085, at *8 (N.D. Cal. Aug. 27, 2015)). The Settlement Class definition is objective, comports with the release of liability, aligns with the operative facts and claims, and makes it easy for all settlement class members to self-identify. *See Nicodemus v. Saint Francis Mem'l Hosp.*, 3 Cal. App. 5th 1200, 1212 (2016) (a class definition should "use terminology that will convey sufficient meaning to enable persons hearing it to determine whether they are members of the class") (internal quotation marks and citations omitted). The settlement's methods of processing claims and distributing funds to class members are fair and adequate. The claim form allows class members to submit claims online or by mail by checking a few boxes to confirm their membership in the Settlement Class. Finally, with regard to the settlement benefits, the Plan of Allocation treats all settlement class members

equally (on a *pro rata* basis, Settlement Agreement, ¶¶ 1.40–4.1, 4.7–4.11), and the same as each of the plaintiffs.

**II. Plan of Allocation**

9. The Court adopts the parties' proposed plan of allocation for purposes of allocating the Net Settlement Fund, distributing the Net Settlement Fund on a *pro rata* basis to all settlement class members who file valid and timely claims. Given the allegations that Google collected and used personal information from settlement class members through their participation in the "Designed for Families" program during the Settlement Class Period, as well as the estimated length of time that settlement class members may have used such applications, the Court finds that the plan of allocation provides a rational and fair method for distributing the Net Settlement Fund.

**III. Releases**

10. Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all released claims; and (ii) each releasing party shall be barred from initiating, asserting, or prosecuting any released claims against the released parties. Notwithstanding the foregoing, the Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any dispute, action, suit, or proceeding arising out of or related to the Settlement Agreement.

**IV. Other Matters**

11. This action and all claims asserted in the action are settled and dismissed on the merits with prejudice.

12. Consummation of the settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each party to the settlement with respect to the interpretation and implementation of the settlement for all purposes, including enforcement of any of the terms thereof at the instance of any party and resolution of any disputes that may arise relating to the implementation of the settlement or this order.

13. In the event that any applications for relief are made, such applications shall be made to the Court. To avoid doubt, this final judgment applies to and is binding upon the parties, the settlement class members, and their respective heirs, successors, and assigns.

United States District Court
Northern District of California

14. The Settlement Agreement and this order are not admissions of the validity of any claim or fact alleged by plaintiffs in this action or in any other action, or of any wrongdoing, fault, violation of law, or liability by Google or the released parties. Likewise, the Settlement Agreement and this order shall not be admissible in evidence as an admission of the validity or lack thereof of any claim, allegation, or defense asserted in this action, or in any other action.

15. Notwithstanding the foregoing, nothing in this order shall be interpreted to prohibit the use of this order in a proceeding to consummate or enforce the settlement or this order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

16. A post-distribution accounting in accordance with this Northern District's Procedural Guidance for Class Action Settlements shall be filed within 21 days after the substantial completion of the Net Settlement Fund's distribution. The post-distribution accounting shall include information on when distributions were made to class members, the number of class members who were sent payments, the method(s) of payment to class members, the total funds distributed, the number and value of attempted distributions to class members, general information about efforts made to contact class members regarding attempted distributions, any significant or recurring concerns communicated by class members since final approval, the administrative costs, and any other material facts about settlement administration. The parties may request a continuance of the deadline for the post-distribution accounting if the information required as part of the accounting is not yet available.

**IT IS SO ORDERED.**

Dated: October 23, 2026



P. Casey Pitts
United States District Judge