United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

A.B., A MINOR, BY AND THROUGH HIS GUARDIAN JEN TURNER, et al.,

Plaintiffs,

v.

GOOGLE LLC, et al.,

Defendants.

Case No. 23-cv-03101-PCP

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS IN PART**

Re: Dkt. Nos. 95, 102

Before the Court is plaintiffs' unopposed motion for attorneys' fees and expenses and application for service awards. For the following reasons, the Court grants the motion and application in part.

Plaintiffs A.B., by and through his guardian Jen Turner, C.D.1, C.D.2, and C.D.3, by and through their guardian Kirenda Johnson, E.F.1, and E.F.2, and by and through their guardian Barbara Hayden-Seaman (the "settlement class representatives") and defendants Google LLC and AdMob Google, Inc. ("Google"), entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on January 13, 2026. Dkt. No. 82-1. Together with the exhibits and appendices thereto, the Settlement Agreement sets forth the terms and conditions for a proposed resolution of this action and for its dismissal with prejudice.

In connection with the settlement, plaintiffs have filed a motion for an award of attorneys' fees and expenses and an application for service awards. The Court held a hearing on the motion and application on September 24, 2026. At the hearing, the Court ordered plaintiffs to file a supplemental declaration further explaining counsels' travel expenses. Dkt. No. 102. The Court has considered the motion and application, the supplemental declaration, the record in this action, and the parties' arguments and authorities.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS**:

**I. Attorneys' Fees**

1. The Court awards to settlement class counsel attorneys' fees of $2,062,500, an amount equal to 25% of the $8,250,000 settlement fund.

2. The Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method. The circumstances of this case justify awarding settlement class counsel this amount. The fee award is confirmed by a lodestar cross-check, which yields a multiplier of 1.025 using counsel's total hours billed and proposed hourly rates as of June 25, 2026. Although the Court has some concern that Silver Golub & Tietell LLP's proposed hourly rates and total hours billed are excessive (particularly given that attorneys whose proposed billing rate exceeds $1,000 per hour performed the majority of the work), the Court concludes that a lodestar cross-check would support a 25% award even if the multiplier was 1.5 or 2.0. Any such multiplier would be reasonable in this case given the risks of the litigation, the benefits provided by the settlement, and the work performed by settlement class counsel.

3. The settlement that counsels' efforts have obtained provides significant monetary benefits to the settlement class. The $8,250,000 settlement fund represents a significant recovery, given the risks of continued litigation, a trial, post-trial motions, and an appeal.

4. The challenges posed by novel legal issues, complicated facts, difficulties of proof, as well as the resources of Google and its aggressive approach to litigation, created a meaningful risk that the settlement class and settlement class counsel would ultimately receive nothing. Settlement class counsel bore significant risk and as of June 25, 2026, reports working 1,651.8 hours on a contingent basis.

5. Based on the Court's review of all the circumstances of this case, the Court finds that an award of 25% is reasonable in light of the amount and quality of work settlement class counsel has performed, the risks settlement class counsel has assumed during this litigation, the success achieved by settlement class counsel's efforts, and the reasonable multiplier.

6. The fees to be paid out of the settlement fund shall be $2,062,500, plus the interest that will accrue – beginning on the date for deposit of the settlement fund under the terms of the

Settlement Agreement – on the portion of the fees to be paid from the settlement fund until such time as the fees are paid to settlement class counsel under the terms of the Settlement Agreement.

7. The claims administrator shall retain 10% of the attorneys' fees awarded herein until the parties confirm that the settlement distribution process is complete. They shall file a final accounting or status report no later than six months from the date of this order.

## II. Expenses

8. The Court awards to settlement class counsel $50,866.96 as reimbursement of expenses.

9. "[A]n attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 265 (N.D. Cal. 2015); *see* Fed. R. Civ. P. 23(h) (providing for award of "nontaxable costs that are authorized by law or by the parties' agreement"). A reasonable expense is one "that would normally be charged to a fee paying client." *Hawthorne v. Umpqua Bank*, No. 11-CV-06700-JST, 2015 WL 1927342, at *6 (N.D. Cal. Apr. 28, 2015) (quoting *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir. 1994)).

10. Here, counsel has requested $59,772.36 in expenses—$58,905.40 for Silver Golub & Teitell LLP, and $866.96 for Lexington Law Group. The Court finds that many of the requested expenses are reasonable, including court fees, printing and delivery fees, and the costs of mediation and expert witnesses. Dkt. No. 102, at 7. Plaintiffs' expense request, however, also includes $18,318.82 in travel expenses incurred by Silver Golub & Teitell LLP. On review of counsel's supplemental declaration regarding the travel expenses, and notwithstanding the fact that counsel traveled from Stamford, Connecticut, to San José, California, for these proceedings, the Court concludes that some of the travel expenses are excessive.

a. Counsel request reimbursement for five airfare tickets costing between $1,800 and $3,200 each. Dkt. No. 102, at 3–4. The Court assumes that these charges must be for first or business class tickets, but "first-class airplane flights are not a reasonable expense or one that would normally be charged to plaintiff-clients in a

consumer class action." *Hawthorne v. Umpqua Bank*, No. 11-CV-06700-JST, 2015 WL 1927342, at *6 (N.D. Cal. Apr. 28, 2015).

b. The Court similarly finds that many of the requested ground transportation, meal, and incidental reimbursement requests are not reasonable, or of the sort that would normally be charged directly to a client. The Court fails to see how it is reasonable (or possible) for two individuals from the same firm to each accrue $714.16 and $830.29 in ground transportation expenses for a one-day mediation session. Dkt. No. 102, at 4.

11. Accordingly, the Court concludes that it is appropriate to reduce the award of travel expenses to Silver Golub & Teitell LLP by $8,905.40, bringing the total reimbursement for the firm's expenses to $50,000. The Court grants the motion for Lexington Law Group to recover its expenses in full.

12. The difference between what plaintiffs' counsel requested in reimbursement for travel expenses and what the Court has awarded will be added to the common fund for distribution to class members on a pro rata basis.

**III. Service Awards**

13. The Court finds that the proposed service awards of $500 per guardian *ad litem* are fair and reasonable, given the amount and kind of work that the guardians *ad litem* have performed in this action on behalf of the settlement class representatives and on behalf of the settlement class. Each guardian *ad litem* has spent significant time responding to discovery and assisting with pursuing this action.

14. The proposed service awards are in line with or below those awarded in comparable cases under similar circumstances and, in the aggregate, represent only 0.0182% of the settlement fund. *See In re Linkedin User Priv. Litig.*, 309 F.R.D. 573, 592 (N.D. Cal. 2015) (service award of up to $5,000 is "presumptively reasonable").

15. The Court therefore orders that each guardian *ad litem* be paid a service award of $500 out of the settlement fund, for a total of $1,500.

**IV. Other Matters**

16. Without affecting the finality of this order in any way, the Court hereby retains continuing jurisdiction over plaintiffs, defendants, and the settlement class for all matters relating to this action, including the administration, interpretation, effectuation, or enforcement of this order.

17. The Court shall separately enter a final approval order and final judgment.

**V. Conclusion**

18. The Court has carefully considered plaintiffs' motion for an award of attorneys' fees and expenses and application for service awards, grants the motion in part, and hereby awards the following specific amounts to settlement class counsel and the guardians ad litem:

a. Attorneys' fees in the amount of $2,062,500, including interest as applicable;

b. Expenses in the amount of $50,866.96; and

c. Service awards of $500 to each of the three guardians *ad litem*, for a total of $1,500.

**IT IS SO ORDERED.**

Dated: October 23, 2026

P. Casey Pitts
United States District Judge